```
 1                   IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF COLUMBIA
 2

 3       United States of America,       )
                                         )
 4                         Plaintiff,    )  Criminal Action
                                         )  No. 21-cr-392
 5       vs.                             )
                                         )
 6       Alan Hostetter,                 )  VIDEO STATUS CONFERENCE
         Russell Taylor,                 )  Washington, DC
 7       Erik Scott Warner,              )
         Felipe Antonio (Tony)           )
 8       Martinez,                       )  October 4, 2021
         Derrick Kinnison,               )  Time:  1:00 p.m.
 9       Ronald Mele,                    )
                                         )
10                         Defendants.   )
        _____
11
                      TRANSCRIPT OF VIDEO STATUS CONFERENCE
12                                  HELD BEFORE
                       THE HONORABLE JUDGE ROYCE C. LAMBERTH
13                          UNITED STATES DISTRICT JUDGE
        _____
14
                              A P P E A R A N C E S
15
         For Plaintiff:      Katherine Nielsen
16                           DOJ-CRM
                             Fraud Section
17                           1400 New York Ave., NW
                             Washington, DC 20530
18                           202-355-5736
                             Email:  Katherine.nielsen@usdoj.gov
19                           Risa Berkower
                             UNITED STATES ATTORNEY'S OFFICE
20                           555 4th Street, NW
                             Washington, DC 20530
21                           (202) 252-6782
                             Email:  Risa.berkower@usdoj.gov
22
         For Defendant       Karren Kenney
23         Hostetter:        KENNEY LEGAL DEFENSE
                             2900 Bristol Street
24                           Suite C204
                             Costa Mesa, CA 92626
25                           855-505-5588
                             Email:  Kenneylegaldefensecorp@gmail.com
```

```
For Defendant Taylor:     Dyke Huish
                          LAW OFFICE OF DYKE HUISH
                          26161 Marguerite Parkway
                          Suite B
                          Mission Viejo, CA 92692
                          949-257-3068
                          Email:  Huishlaw@mac.com

For Defendant Warner:     Kira Anne West
                          LAW OFFICE OF KIRA WEST
                          712 H St, NE
                          Unit 509
                          Washington, DC 20002
                          202-236-2042
                          Email:  Kiraannewest@gmail.com

For Defendant Martinez:   Nicholas D. Smith
                          DAVID B. SMITH, PLLC
                          7 East 20th Street
                          Suite 4r
                          New York, NY 10003
                          917-902-3869
                          Email:  Nds@davidbsmithpllc.com

For Defendant Kinnison:   Nicolai Cocis
                          LAW OFFICE OF NICOLAI COCIS
                          25026 Las Brisas Road
                          Murrieta, CA 92562
                          951-695-1400
                          Email:  Nic@cocislaw.com

For Defendant Mele:       Steven Bailey
```
_____

```
Court Reporter:           Janice E. Dickman, RMR, CRR, CRC
                          Official Court Reporter
                          United States Courthouse, Room 6523
                          333 Constitution Avenue, NW
                          Washington, DC  20001
                          202-354-3267
```

1    THE COURT: Okay. You want to go ahead and call the
2    case?
3    THE COURTROOM DEPUTY: Yes, Your Honor. We are on
4    the record for criminal case 21-392, *United States of America*
5    *versus Alan Hostetter, Russell Taylor, Erik Warner, Felipe*
6    *Martinez, Derrick Kinnison and Ronald Mele.*
7    Counsel, please identify yourselves for the record.
8    MS. NIELSEN: Good afternoon, Your Honor. This is
9    Katherine Nielson representing the United States, with counsel
10   Risa Berkower.
11   MS. BERKOWER: Good afternoon, Your Honor.
12   MS. KENNEY: Good afternoon, Your Honor. Karren
13   Kinnison on behalf of Alan Hostetter. He's also present over
14   video.
15   MR. HUISH: Thank you, Your Honor --
16   THE COURT: Let me stop you there. Okay. I can see
17   you. Can you hear me okay, Mr. Hostetter?
18   DEFENDANT HOSTETTER: Yes, sir. I can.
19   MR. HUISH: Good afternoon, Your Honor. Dyke Huish
20   on behalf of Mr. Taylor. He's seated right here with me. And
21   we can hear you.
22   THE COURT: Okay.
23   MR. COCIS: Good morning, Your Honor. Nick Cocis on
24   behalf of Mr. Kinnison, who is here with me.
25   THE COURT: Okay.

1         MR. SMITH: Good afternoon, Judge. Nick Smith for
2   Felipe Martinez, who is in a different square, I believe, at
3   the bottom of the screen.
4         MR. BAILEY: And, Your Honor, Steven Bailey on behalf
5   of Ron Mele, who is present by video.
6         THE COURT: Okay.
7         MS. WEST: Good afternoon, Your Honor. Kira Anne
8   West for Mr. Erik Scott Warner, who is present in another one
9   of the squares.
10        DEFENDANT WARNER: Good afternoon, Your Honor.
11        THE COURT: Just a minute. I'm not seeing -- oh,
12  there is Ms. West. Okay. Okay. Go ahead.
13        Who was next? Oh, that's everybody. Okay. Okay.
14  Everybody can hear me okay?
15        MS. KENNEY: Yes, Your Honor.
16        MR. HUISH: Yes, Your Honor.
17        MR. COCIS: Yes, Your Honor.
18        THE COURT: All right. The government want to update
19  me on the status then?
20        MS. NIELSEN: Yes, Your Honor. This is Katherine
21  Nielsen. The government will just, if you don't mind, give you
22  a quick update on the status of this case in discovery. As
23  Your Honor is aware, the government has filed several
24  memorandum on the record to update both parties and the Court
25  as to the status of the discovery in this rather large case --

1     it does include ECF 42, ECF 57, and ECF 68 -- to provide
2     overall information about the status of discovery in this case
3     and the continuing rolling discovery that's being provided to
4     defense counsel.
5              In relation to this case specifically, the
6     government's provided over a terabyte of electronic data
7     specific to the defendants' conduct in discovery, including
8     five tranches:  One on June 28th included 46 files of primarily
9     material referenced in the indictment; one on July 2nd, which
10    contained 1782 files, including photos and interview reports;
11    one on July 20th, including recordings of defendants'
12    statements; another on August 20th, including surveillance
13    footage from Capitol police, and; finally, for the four
14    defendants who provided hard drives so far, on September 30th
15    the government provided forensic images of the defendants'
16    devices.
17             Several overall productions that have been made in
18    the past several weeks include reports from the U.S. Capitol
19    police investigation of alleged wrongdoings by officers on
20    January 6.  That was provided on USAfx, as well as what was
21    described in our September 24th filing on the record.
22             The government has begun sharing Capitol police
23    surveillance footage on Evidence.Com and documentary evidence
24    on -- will be forthcoming on Relativity.  The government has
25    made arrangement in the filings for the FPD to administer those

1   two databases for defense counsel to review some of the
2   discovery in this matter.  As a result -- we are, of course,
3   still providing discovery in this case and the investigation
4   still continues.
5           As a result of the fact that we are continuing to
6   provide discovery, continuing to discuss the status of the case
7   with some of our defense counsel, the government would like to
8   move at this time for an additional continuance for 60 days,
9   and to exclude time under the Speedy Trial Act during that
10  time.
11          Again, this would be to allow the government to
12  continue to provide discovery to the defendants, and the
13  defendants to continue to review important discovery in their
14  cases, and also for the parties to engage in potential plea
15  negotiations to resolve some of these matters.
16          The government requests exclusion of time under the
17  Speedy Trial Act from today until the next hearing for several
18  reasons, one of which is in Chief Judge Howell's standing order
19  21-47, which was filed on August 25th of 2021, which tolled
20  time until October 21st, 2021 in all cases that cannot be tried
21  because of safety protocol accommodations.
22          Second, as Your Honor is aware, defendants are
23  charged in the largest criminal case in U.S. history, and one
24  the government is continuing to investigate, in which --
25          THE COURT REPORTER:  Counsel, would you please repeat

1    what you just said and speak up a little bit?
2             MS. NIELSEN:  Second, the defendants are charged in
3    the largest criminal prosecution in U.S. history, and one the
4    government is continuing to investigate, in which over 600
5    defendants have been charged.  This investigation has generated
6    an enormous amount of evidence, including thousands of hours of
7    Capitol surveillance videos and hundreds of documents and
8    digital media, thousands of digital bytes of investigative data
9    has been received, as explained in the discovery memoranda
10   filed with the Court.
11            While the government is working tirelessly to
12   investigate and review this and other evidence and produce
13   discovery to defendants consistent with its Constitutional and
14   statutory obligations, doing so will take time and, thus, the
15   ends of justice are served by tolling time and outweigh the
16   interest of the public and the defendant in a speedy trial.
17            The government has conferred with counsel for
18   Mr. Taylor, Mr. Warner, Mr. Kinnison, Mr. Martinez and Mr. Mele
19   and does not expect any objection from them to this motion.
20            THE COURT:  All right.  Ms. Kenney, you want to go
21   first?
22            MS. KENNEY:  Yes, Your Honor.  In light of the
23   discovery that we have received and have been able to view,
24   that, in our opinion, a lot of it is exculpatory.  On behalf of
25   Mr. Hostetter, he does want to have a speedy trial set.

1           THE COURT:  All right.  Do you have motions you're
2   ready to file?
3           MS. KENNEY:  I could have those ready, depending on
4   the Court's scheduling order.
5           THE COURT:  All right.  I'll see what other counsel
6   say.  I'm sure other counsel are not going to want to go to
7   trial now.
8           MS. KENNEY:  I understand, Your Honor, but I needed
9   to make a record of it.
10          THE COURT:  Okay.  Fine.  I guess the next defendant
11  would be Mr. Huish for Mr. Taylor.
12          MR. HUISH:  Your Honor, thank you very much.  I was
13  actually going to go in the opposite direction.  Instead of
14  asking for 60, maybe come back in 90 because 60 just doesn't
15  seem long enough.
16          Additionally, the Court may or may not be aware,
17  there's a civil suit that's been filed for all of these
18  defendants for about $10-million-plus, along with other people,
19  including former President Trump and a handful of other --
20  let's just say dignitaries, which complicates the process
21  because I have to figure out that, as well as this problem, in
22  order to know how to proceed.  So I was actually going to go
23  the opposite direction and say let's come back in January,
24  rather than December.
25          THE COURT:  I am not familiar with the civil case.

1    Where is it?
2             MR. HUISH:  It is in the District of Columbia as
3    well.  It's extensive and names, I believe, every single one of
4    the people here, along with multiple other defendants, claiming
5    injury to or -- I guess it's injury to Capitol police officers
6    as a result of their involvement that day.  It's very broad and
7    cites things like the Ku Klux Klan Act and a handful of other
8    things.  But it has made my job immediately significantly more
9    difficult because I have to balance both of those variables off
10   in order to know how to proceed.
11            THE COURT:  Do you have a civil action number in
12   that?
13            MR. HUISH:  I do.  I do not have it in front of me,
14   but I can send it over to your clerk when we're done, if that
15   would be acceptable, Your Honor.
16            THE COURT:  Who is the judge in that case?
17            MR. SMITH:  Your Honor, the case number is
18   21-cv-2265, 21-cv-2265, and the judge is Amit Mehta.
19            THE COURT:  All right.  Well, he's got plenty of
20   these cases, too, so I'm sure he knows he's not going to want
21   to do anything other than stay the civil case until this is
22   done.
23            MR. SMITH:  Your Honor, in fact, our sentiments
24   exactly.  I think we're planning on filing a motion to stay in
25   that matter.

```
 1                THE COURT:  If you --
 2                MR. SMITH:  Excuse me, Your Honor?
 3                THE COURT:  I couldn't hear that.
 4                MR. SMITH:  Your Honor, this is Nick Smith for Tony
 5    Martinez.  I was just going to respond to Your Honor's comments
 6    about Judge Mehta likely entering a stay in that case.  We said
 7    that's exactly right and, in fact, we're going to file such a
 8    motion in front of Judge Mehta this week, so --
 9                THE COURT:  Right.  I can't imagine that case would
10    interfere with this.
11                MR. HUISH:  It only interferes in the sense that you
12    must balance both problems against each other when there's a
13    request for so much money.  So you have to evaluate both.
14    That's the problem.
15                THE COURT:  Okay.  I understand.
16                MR. HUISH:  Does the Court desire a copy of the
17    complaint on that?
18                THE COURT:  I can look online.
19                MR. HUISH:  Okay.
20                THE COURT:  That's why I asked for the number.
21          Okay.  I've got your position.
22          For Mr. Warner then, is Ms. -- let's see, Ms. West.
23                MS. WEST:  Yes, Your Honor.  Good afternoon.  I agree
24    with the government and, actually, also defense counsel.  I
25    wouldn't be opposed to this case being continued another 60 to
```

```
 1    90 days.  I've spoken to my client about the Speedy Trial Act
 2    and he waives it at this time.
 3              THE COURT:  Okay.  For Mr. Martinez, Mr. Smith?
 4              MR. SMITH:  Yes, Judge.  We're seconding Ms. West's
 5    position, the Goldilocks position; we think 60 days is just
 6    right.
 7              THE COURT:  Okay.  Mr. Cocis for Mr. Kinnison?
 8              MR. COCIS:  Your Honor, we have no opposition to the
 9    case being continued for 60 to 90 days, as well.  And
10    Mr. Kinnison is prepared to waive his right for speedy trial.
11              THE COURT:  And for Mr. Bigly?
12              MR. COCIS:  That might be a different case, Your
13    Honor.
14              THE COURT:  Mele.
15              MR. BAILEY:  Yes, Your Honor.  Steven Bailey.
16              THE COURT:  Yeah, Bailey.  I guess we still don't
17    have your appearance straight, right?
18              MR. BAILEY:  The admission took place today, 10-4.
19    So this week I can file the notice of appearance.
20              THE COURT:  Okay.
21              MR. BAILEY:  That will straighten up the
22    representation of Mr. Mele.  But I have also spoken with the
23    government and I have no objection to 60 days, and I certainly
24    wouldn't object to 90.
25              THE COURT:  Okay.
```

1       MR. BAILEY:  Any trial rights would be waived at this
2  point.
3       THE COURT:  All right.  If you're all available on
4  December 3rd, at 1 p.m., I would like to continue this to that
5  date and make the appropriate findings, over the objection of
6  defendant Hostetter, find that speedy trial was properly
7  invoked.
8       Our Court is having an executive session today at 4
9  and I think the current Chief Judge findings are likely to be
10 extended on the COVID order that's in place now, that would
11 otherwise expire October 31st.  If they are not, I will make
12 other findings that would be necessary that I think that will
13 cover this.  If they're not, I will set a motions deadline for
14 Hostetter, so that motions can be set so that, in any event,
15 the next time I would see everybody would be December 3rd at
16 1 p.m.
17      With that schedule, is there anything else anyone
18 wants to raise today?
19      MR. BAILEY:  Your Honor.  That's a Friday, correct?
20      THE COURT:  Yes.
21      MR. BAILEY:  Okay.
22      MR. COCIS:  No, on behalf of Mr. Kinnison, Your
23 Honor.
24      THE COURT:  I'm sorry?
25      MR. COCIS:  Nothing on behalf of Mr. Kinnison, Your

```
1    Honor.
2              THE COURT:  Okay.  I'll see you all December 3rd.
3              MR. BAILEY:  Thank you, Your Honor.
4              MS. KENNEY:  Thank you, Your Honor.
5              MS. WEST:  Take care, Your Honor.
6                              *   *   *
```

# CERTIFICATE OF OFFICIAL COURT REPORTER

I, JANICE DICKMAN, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 11th day of October, 2021

_____

Janice E. Dickman, CRR, CMR, CCR
Official Court Reporter
Room 6523
333 Constitution Avenue, N.W.
Washington, D.C.  20001

This hearing was held by video in compliance with the COVID-19 pandemic stay-at-home orders and is, therefore, subject to the limitations associated with the use of current technology, including but not limited to signal interference, static, signal interruptions, and other restrictions and limitations associated with remote court reporting via telephone, speakerphone, and/or videoconferencing.