# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO.: 21-CR-392-RCL |
| v. | : |
| ALAN HOSTETTER, | : |
| RUSSELL TAYLOR, | : |
| ERIK SCOTT WARNER, | : |
| FELIPE ANTONIO "TONY" MARTINEZ, | : |
| DEREK KINNISON, and | : |
| RONALD MELE, | : |
| **Defendants.** | : |

## [PROPOSED] PRETRIAL SCHEDULING ORDER

Trial is set to commence in this matter on **July 10, 2023, at 10:00 a.m.** in Courtroom 15. The following deadlines shall govern pretrial proceedings:

1. The Parties shall file any motions to sever, motions to suppress, motions to dismiss the indictment or counts therein, or motions to change venue, if any, by **March 10, 2023**; oppositions shall be filed by **March 24, 2023**; and replies shall be filed by **March 31, 2023**.

2. If any Defendant wishes not to proceed by jury trial, that Defendant shall file a written waiver of jury trial, as required by Federal Rule of Criminal Procedure 23(a), by **March 10, 2023**; the United States shall state its consent or file any opposition by **March 24, 2023**; replies shall be filed by **March 31, 2023.**

3. Counsel shall appear on **April 14, 2023, at 10:00 a.m.** for a hearing on the above motions and jury waivers, if necessary.

4. The United States shall make any required expert disclosures pursuant to Rule 16(a)(1)(G) by **April 21, 2023**; any reciprocal expert disclosure by Defendants shall be made by **May 5, 2023**.

5. The United States shall notify any Defendant(s) of its intention to introduce any Rule 404(b) evidence not already disclosed by **April 21, 2023**.

6. The United States shall provide Defendants with a list of prior convictions that the United States intends to use for impeachment or any other purpose by **April 21, 2023**. Any specific objections to the use of prior convictions shall be made on the below schedule for pretrial motions, filed by **May 5, 2023**.

7. Except as otherwise noted in this Pretrial Order, the Parties shall file any other pretrial motions, including motions *in limine*, by **May 5, 2023**; oppositions shall be filed by **May 19, 2023**; and replies shall be filed by **May 26, 2023**. If the United States wishes to file a motion *in limine* with respect to any defense expert, it may do so by filing a motion by **May 19, 2023**; oppositions shall be filed by **May 26, 2023.**

8. By **June 2, 2023**, counsel shall file a Joint Pretrial Statement that contains the following:

   a. A neutral statement of the case. The Parties shall include a neutral statement of the case for the court to read to prospective jurors.

   b. Proposed jury questionnaire. The Parties shall prepare a proposed jury questionnaire and shall indicate the questions on which they agree; and the questions on which they disagree with specific objections and relevant legal authority noted below each disputed question.

   c. List of witnesses. For inclusion in the proposed jury questionnaire, the Parties shall identify the witnesses about whom the jury may hear. Only upon leave of

court and a showing of good cause will a party be permitted to withhold a witness's identity.

9. Counsel shall appear on **June 9, 2023, at 10:00 a.m.** for a hearing to discuss pending motions and any disputes regarding the proposed jury questionnaire, if necessary.

10. Qualified prospective jurors will appear on **June 16, 2023**, to answer the finalized version of the jury questionnaire. The Parties shall begin to meet and confer regarding which jurors to excuse for cause based on the pre-*voir dire* juror questionnaires by **June 23, 2023**. The Parties shall jointly submit to the Court a list of jurors they agree to excuse for cause based on the pre-*voir dire* juror questionnaires by **June 30, 2023.**

11. By **June 22, 2023**, counsel shall file a Joint Supplemental Pretrial Statement that contains the following:

    a. Proposed jury instructions. The Parties shall submit a list of all standard jury instructions from the "Red Book" (Criminal Jury Instructions for D.C. (Barbara A. Bergman ed., May 2016 ed.)) that they wish to include in the final instructions. Parties need not submit the full text of any standard jury instruction but should provide the full text of (1) any modified standard jury instruction(s), including any preliminary instructions, with the proposed modification(s) redlined, and (2) any nonstandard jury instruction which they wish to have the court include. As to each nonstandard jury instruction, the sponsoring party should set legal authority for the proposed instruction, and the nonsponsoring party should state any objection to the instruction, including any proposed modifications.

    b. Witnesses lists. The Parties shall identify the witnesses that each side anticipates it may introduce in its case-in-chief. Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity.

    c. Exhibit lists. The Parties shall include an exhibit list that each side anticipates it may introduce in its case-in-chief. The Parties need not list any exhibit that might be used for purposes of impeachment. The Parties should confer with Courtroom Deputy Lauren Jenkins about the format of the exhibit list. The Parties should not provide a copy of the exhibits to the court but must exchange digital copies of premarked exhibits. The Parties must be prepared to raise objections to any proposed exhibit at the June 29, 2023, Pretrial Conference. The objecting party shall bring three copies of any contested exhibit to the Pretrial Conference.

    d. Stipulations. The Parties shall submit a draft of all stipulations.

    e. Proposed verdict form. The Parties shall include a draft verdict form, including any special interrogatories. The draft verdict form should include a date and signature line for the jury foreperson.

12. In addition to filing the Joint Supplemental Pretrial Statement, by **June 22, 2023**, the Parties shall submit, in Word format, an electronic copy of (a) any proposed modification to a standard jury instruction, (b) any nonstandard jury instruction, and (c) the verdict form by email to the courtroom deputy at Lauren_Jenkins@dcd.uscourts.gov.

13. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief by **June 29, 2023**. Any *Brady* material not already disclosed also must be disclosed by this date.

14. Defendants shall satisfy their reciprocal discovery obligations, if any, under Rule 16(b) (except as to experts, as noted above) by **June 18, 2023**.  The Court will consider any motion *in limine* with respect to reciprocal discovery after such discovery is received. Any such motion shall be filed by **June 25, 2023**; any opposition to such motion shall be filed by **July 1, 2023.**

15. Counsel shall appear on **June 29, 2023, at 10:00 a.m.** for a Pretrial Conference, if necessary, in Courtroom 15.

Date:

                                                  ROYCE C. LAMBERTH
United States District Judge