```
                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,      .
                               .
         Plaintiff,            .  CR No. 21-0392 (RCL)
                               .
     v.                        .
                               .
ALAN HOSTETTER, et al.,        .  Washington, D.C.
                               .  Friday, December 2, 2022
         Defendant.            .  12:47 p.m.
. . . . . . . . . . . . . . . ..


              TRANSCRIPT OF STATUS HEARING
         BEFORE THE HONORABLE ROYCE C. LAMBERTH
               UNITED STATES DISTRICT JUDGE


  APPEARANCES:

For the Government:         ANTHONY W. MARIANO, AUSA
                            U.S. Attorney's Office
                            601 D Street NW
                            Washington, DC 20530
                            (202) 252-7566

                            THOMAS T. BALLANTINE, ESQ.
                            U.S. Department of Justice
                            150 M Street NE
                            Washington, DC 20002
                            (202) 532-3048

For Defendant Hostetter:    KARREN KENNEY, ESQ.
                            Kenney Legal Defense
                            2900 Bristol Street
                            Suite C204
                            Costa Mesa, CA 92626
                            (855) 505-5588

For Defendant Warner:       KIRA A. WEST, ESQ.
                            Law Office of Kira West
                            712 H Street NE
                            Unit 509
                            Washington, DC 20002
                            (202) 236-2042
```

```
For Defendant Martinez:        NICHOLAS D. SMITH, ESQ.
                               David B. Smith PLLC
                               1123 Broadway
                               Townsend Building
                               Suite 909
                               New York, NY 10010
                               (917) 902-3869

For Defendant Kinnison:        NICOLAI COCIS, ESQ.
                               Law Office of Nicolai Cocis
                               25026 Las Brisas Road
                               Murrieta, CA 92562
                               (951) 695-1400

For Defendant Mele:            STEVEN C. BAILEY, ESQ.
                               Bailey & Romero Law
                               680 Placerville Drive
                               Suite A1
                               Placerville, CA 95667
                               (530) 212-3407

Court Reporter:                BRYAN A. WAYNE, RPR, CRR
                               U.S. Courthouse, Room 4704-A
                               333 Constitution Avenue NW
                               Washington, DC 20001
                               (202) 354-3186
```

Proceedings reported by stenotype shorthand.
Transcript produced by computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2                    (Via Videoconference)
 3           THE DEPUTY CLERK:  Your Honor, we're on the record for
 4   criminal case 21-392, United States of America versus Alan
 5   Hostetter, Russell Taylor, Erik Warner, Felipe Martinez, Derek
 6   Kinnison, and Ronald Mele.
 7      Counsel, please identify yourselves for the record,
 8   starting with the government.
 9           MR. MARIANO:  Good morning, Your Honor.  This is
10   Anthony Mariano for the United States, along with my
11   colleague, Tom Ballantine.
12           DEFENDANT HOSTETTER:  Good morning, Your Honor.  This
13   is Alan Hostetter, acting pro se in the case, and I believe
14   Ms. Kenney is also on the line, my advisory counsel.
15           THE COURT:  I'm sorry.  Could I see Mr. Hostetter
16   again?
17           DEFENDANT HOSTETTER:  Yes, sir, I'm here.
18           THE COURT:  Okay.  I see you now.
19           MR. SMITH:  Good afternoon, Judge.  Nicholas Smith for
20   defendant Felipe "Tony" Martinez.
21           THE COURT:  Could I see Mr. Hostetter's standby
22   counsel.
23           MS. KENNEY:  Your Honor, this is Karren Kenney.  I'm
24   driving, but I am here.
25           THE COURT:  Okay.  Now we can go to the next defendant.
```

1    Mr. Smith's for Mr. Taylor?
2             MR. SMITH:  Mr. Smith, Your Honor, for defendant Felipe
3    Martinez.
4             THE COURT:  Okay.  And Mr. Martinez is on the line?
5             DEFENDANT MARTINEZ:  I'm right here, Your Honor.  Good
6    morning.
7             THE COURT:  And you can hear me okay?
8             DEFENDANT MARTINEZ:  Yes, sir, I can.  Thank you.
9             THE COURT:  Okay.
10            MS. WEST:  Good afternoon, Your Honor.  Kira Anne West
11   here with Erik Warner, who is present via videoconference, and
12   we waive our right to appear in person.
13            THE COURT:  Okay.  And Mr. Warner?
14            DEFENDANT WARNER:  Good morning, Your Honor.
15            THE COURT:  Okay.
16            MR. COCIS:  And Your Honor, Nic Cocis on behalf of
17   Mr. Kinnison, and Mr. Kinnison and I are in the same box.
18            THE COURT:  Okay.  And he's right beside you?
19            MR. COCIS:  Yes, Your Honor.
20            DEFENDANT KINNISON:  Good afternoon, Your Honor.
21            THE COURT:  Okay.  Next?  For Defendant Taylor?
22            THE DEPUTY CLERK:  I don't see either one of them here,
23   Your Honor.
24            THE COURT:  Mr. Huish is not on?
25            MR. BAILEY:  I'm now on, Your Honor.  This is Steven

1          Bailey.
2                  THE COURT:  For Mr. Mele, and Mr. Mele is on?
3                  DEFENDANT MELE:  Yes, sir.  I'm right here.  Thank you.
4                  THE COURT:  Okay.  You can hear me okay?
5                  DEFENDANT MELE:  Yes, sir.
6                  THE COURT:  And Mr. Taylor is not on?  Mr. Huish is not
7          on?
8                  THE DEPUTY CLERK:  It looks to be that way, Your Honor.
9                  THE COURT:  Okay.
10             All right.  In the meantime, then, let me have the
11         government go ahead with the current status.  I have a trial
12         date set of July 6, but we can try to set other dates in the
13         meantime.
14                 MR. MARIANO:  Yes, Your Honor.  Before I turn to
15         scheduling, let me provide the Court with an update on
16         discovery.  We've continued to provide discovery on a regular
17         basis to defendants.  Since our last status hearing we've
18         provided global discovery productions on September 24, October
19         12, and November 2.  We've also since our last status hearing
20         provided case-specific discovery as well.
21             We've also to -- I should say we'll of course continue to
22         provide ongoing discovery production as they're available both
23         in terms of global discovery and case-specific discovery.
24             As a separate update to the Court, we have continued to
25         have negotiations on resolutions with certain defendants.

1   We've not reached a resolution with any defendant at this
2   point, but those discussions are continuing and remain
3   productive.
4       With respect to scheduling, at the prior status hearing
5   Your Honor did set a trial date for July 6, 2023. Your Honor
6   also asked defense counsel to confer and come up with a
7   pretrial schedule. At that status hearing we asked defense
8   counsel to include us in those discussions so that we might
9   offer any conflicts we have to represent our interests.
10      Prior to today's hearing, we've reached out to defense
11  counsel to see if they had a proposed pretrial schedule they
12  could share with us. We have not heard back from them despite
13  reaching out to a number of defense counsel and all defense
14  counsel together. So we're not sure what status they have on
15  that.
16          THE COURT: All right. Let me go to Ms. West first.
17  Do you want to start for any defendant?
18          MS. WEST: I'm sorry, Your Honor. I only caught about
19  half of that. What would you like me to address?
20          THE COURT: Do you have any proposal for any defendant
21  regarding scheduling between now and trial?
22          MS. WEST: I don't, Your Honor. I think defense
23  counsel, it's incumbent upon us to kind of get together and
24  make it easier for the Court, which we did not do. But right
25  now I think that what we have in place in the trial setting

1  is -- that's the best I can do.  I can't try a case before
2  then because I have so many other cases going to trial, one of
3  which is going to trial Monday.
4           THE COURT:  Okay.  Mr. Smith?
5           MR. SMITH:  Yes, Your Honor.  One of the reasons we,
6  Mr. Martinez, did not offer a specific timeline to the
7  government is that we're flexible.  And if there was any
8  misunderstanding about that, I apologize.  We are willing to
9  go along with a standard scheduling order with dates that
10 would accommodate the government and other counsel.  We have
11 no conflicts around the trial date that's already set for this
12 court and we're content to comply with any scheduling order
13 the Court deems fit.
14          THE COURT:  Okay.  Mr. Bailey, I guess.
15          MR. BAILEY:  I would join with Mr. Smith in his
16 comments.
17          THE COURT:  Okay.  Mr. Cocis.
18          MR. COCIS:  Your Honor, on behalf of Mr. Kinnison,
19 we're also flexible with dates, and I would join my previous
20 co-counsel.
21          THE COURT:  Okay.  Mr. Hostetter, do you want to work
22 with other counsel and the government and see if they can make
23 a joint proposal for a schedule pretrial?
24          DEFENDANT HOSTETTER:  Well, I'm glad you asked that
25 question, Your Honor, because if you will indulge me, I do

1   have a question as a layman regarding this entire situation
2   related to my codefendants.
3       As I have stated repeatedly to the Court and also in my
4   motion filed approximately one year ago now that has yet to be
5   heard, that I do not know four of these five defendants; I've
6   never met them and did not even have any idea that they were
7   there the day of the incident in question.
8       So with that in mind, I don't have any intention to work
9   cooperatively with my fellow defense -- codefendants because
10  there's nothing to be worked with cooperatively through with
11  them as I don't know them and didn't know they were there that
12  day.  And you already know, you said you read my motion, so
13  you know how I feel about Mr. Taylor.  I don't believe he has
14  comported himself to me when he came into my life in the
15  spring of 2020.
16      Now, with that said, I'm ready for trial.  I'll be there
17  tomorrow if you were to give me that trial date.  But my
18  question now becomes, if I'm not going to be working
19  cooperatively with codefendants, as I have nothing to work
20  with them on, and let's say two or three of them wanted a jury
21  trial, and I've already mentioned to you that I want a bench
22  trial, how does that work?  Am I automatically going to be
23  pulled into a jury trial that I do not want to have in
24  Washington, D.C., or will I be granted what I want in a bench
25  trial just appearing before you, Your Honor?

1            THE COURT:  No.  That can be built into the schedule
2    that we'll address the issue of anyone who wants to waive jury
3    as part of the pretrial schedule.  And I'll ask the government
4    to put that in the proposed schedule, that I'll rule
5    separately on a waiver of jury trial.  We can put that as a
6    matter to be decided pretrial, anyone else who wants to waive
7    jury trial.
8         The government has the right, I think, to object.  I think
9    the waiver of a jury trial is subject to the government's
10   objection.  I don't remember.  I haven't done one where
11   there's been a waiver in so long, I don't remember if the
12   government has --
13           MS. WEST:  You're right.
14           MR. SMITH:  The Court's correct.
15           MS. WEST:  You're right.
16           THE COURT:  So I don't know if the government would
17   object or not.  But in any event, that's something that would
18   be determined pretrial.  And then the question becomes whether
19   or not I would sever or whether the trial would be conducted
20   totally separately.  I don't know the answer to that either.
21   But all of that could be done pretrial, and on a separate
22   schedule.
23         So I probably -- since you're speaking last, I probably
24   would say to the government, talk to the other counsel and
25   try to give me a proposed order setting the schedule and put

1    anyone else who wants to waive jury trial in that schedule
2    and let me look at the issues and take -- the government take
3    a position on those who want to waive jury trial.
4        And if the government is not going to object -- if the
5    government's going to object, it'll need to be briefed,
6    whether the government has a right to object, and if the
7    defendant wants to argue the government has no right, or I
8    can overrule the government's objection or whatever, I'll
9    decide that question.
10       I don't know whether -- I don't remember having ever
11   written anything on the subject or decided the question
12   whether the government has the right to object or not.
13   Maybe I have, but I don't recall it offhand.  In any event,
14   that can be decided well in advance of the trial date by
15   separate motion.
16       If anybody else wants to do the same, I can decide that
17   all on a separate motion track.  And Ms. Kenney can assist
18   you in that endeavor, Mr. Hostetter.
19           DEFENDANT HOSTETTER:  I'm sorry, sir.  I missed that
20   last statement.
21           THE COURT:  Ms. Kenney can assist you in that endeavor
22   of getting any briefs filed about whether I have the authority
23   to deny the government's request if they object to your
24   request that it be a nonjury trial --
25           DEFENDANT HOSTETTER:  So I could be forced into a jury

1  trial?
2              THE COURT:  -- and find any case law that exists on
3  that.  I don't know the law on that question.
4      So with that, can the government, within let's say in 30
5  days, give me a proposed order that you consult with each
6  party about, including Taylor and Huish, and I'll issue a
7  separate order to show cause to them about why they did not
8  appear today.
9              MR. MARIANO:  Yes, Your Honor.  We can do that.
10             THE COURT:  Okay.  Anything anybody else wants to raise
11 today?
12             MS. WEST:  Yes, Your Honor.
13             MR. BAILEY:  Yes, Your Honor.
14             THE COURT:  Okay.  Mr. Bailey.
15             MR. BAILEY:  This is Steven Bailey for Mr. Mele.  I am
16 going to be out of the country for the next three weeks, so it
17 may be difficult for the government to get ahold of me during
18 that period of time.  And I would request that we extend the
19 period they have and defense counsel has until the 15th of
20 January.
21             THE COURT:  All right.  That's granted.
22     All right.  Ms. West?
23             MS. WEST:  Just one question, Your Honor.  This is
24 Ms. West.  May I be heard?
25             THE COURT:  Yes.

1     MS. WEST:  Looking forward, this case is set for a
2 Thursday to start trial July 6, and I think everybody's in
3 agreement with that date.  Is it the Court's practice to have
4 a pretrial conference the week before, in which case that
5 would be June 29th or 30th?
6     THE COURT:  Yes.
7     MS. WEST:  Yes, sir.  Well, we'll put that in mind as
8 we make the schedule.
9     THE COURT:  Okay.  I think that's a good idea.
10     MS. WEST:  Yes, Your Honor.
11     THE COURT:  Okay.  Anything else?
12     MR. MARIANO:  Yes, Your Honor.  I wanted to raise in
13 terms of the Speedy Trial Act, we would ask that the Court
14 exclude time as serving the ends of justice until the
15 scheduled July 6, 2023, trial date.  And we would make that
16 request based on the continuing discovery productions, the
17 complex nature of the ongoing investigation, the ongoing plea
18 negotiations, as well as the time necessary for defendants to
19 prepare their case.
20     THE COURT:  Well, those are all appropriate findings.
21 In light of the pending motions by a defendant who's not been
22 severed, they're unnecessary because I have a pending motion
23 that I've not yet heard or decided.  So that tolls speedy
24 trial in any event, the motion by Mr. Hostetter, which I've
25 not yet either heard or decided.

1       All right.  Anything else?
2           MR. MARIANO:  Yes, Your Honor.  I would also note we
3   have a pending motion regarding speedy trial at docket 155.
4   I take from Your Honor's statement just now that that may be
5   moot in your view.
6           THE COURT:  It is moot in my view.
7           MR. MARIANO:  Thank you, Your Honor.
8           THE COURT:  All right.  Thank you very much, counsel.
9   Court will be in recess.
10          (Proceedings adjourned at 1:02 p.m.)

* * * * * *

CERTIFICATE

    I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.

                                    */s/ Bryan A. Wayne*
                                    Bryan A. Wayne