UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-392 (RCL) |
| : | |
| ERIK SCOTT WARNER, : | |
| FELIPE ANTONIO "TONY" : | |
| MARTINEZ, : | |
| DEREK KINNISON, and : | |
| RONALD MELE : | |
| : | |
| Defendants. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT ERIK WARNER AND RONALD MELE'S MOTIONS TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Opposition to the motions filed by defendants Erik Warner and Ronald Mele to dismiss Counts One and Two of the Indictment. ECF 223 (hereinafter "Defendant Warner's Motion") and ECF 230, 246 (hereinafter "Defendant Mele's Motion). Defendants Felipe Antonio "Tony" Martinez and Derek Kinnison have joined Defendant Warner's Motion. ECF 232, 235.

The defendants contend that Counts One and Two of the Second Superseding Indictment, which arise under 18 U.S.C. §§ 1512(c)(2) and (k), should be dismissed for reasons that the D.C. Circuit considered and rejected in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). As Defendant Warner explicitly recognizes, these arguments are foreclosed by *Fischer*, and fail accordingly. Mele further contends that Counts One and Two should be dismissed based on fact-specific arguments that are improper on a motion to dismiss. The Government respectfully submits that the motions should therefore be denied.

1

## BACKGROUND

Over 1,000 individuals have been charged thus far in connection with the attack on the U.S. Capitol on January 6, 2021. Defendants Erik Warner, Ronald Mele, Derek Kinnison, Tony Martinez are four of the individuals who unlawfully entered the grounds of the U.S. Capitol and who have been charged with various crimes as a result, including conspiring to obstruct the official proceeding. *See* Second Superseding Indictment, ECF 210 (hereinafter "Indictment").

In summary, the four defendants traveled together by car from California to attend the "Stop the Steal" rally on January 6, 2021, in Washington, D.C.; brought firearms and other weapons into Washington D.C.; entered the Capitol Grounds from the west front during the ongoing riot; and remained on Capitol Grounds as police tried to protect the Capitol Building and those lawfully inside it from a violent mob. *See generally* Indictment ¶¶ 25-64.

Mele, in preparation for January 6, told his co-defendants that he was bringing a firearm, specifically, an "18" barrel." *Id.* ¶ 51. Mele and Martinez arrived at the Capitol wearing camouflage-print plate carrier vests. *Id.* ¶ 62. All four defendants engaged in disorderly and disruptive conduct in and within proximity to the Capitol grounds. *Id.* ¶ 82. Further, Warner breached the Capitol Building during the riot by climbing through a broken window, and Mele stated that on January 6, 2021, he "stormed" the Capitol. *Id.* ¶ 68.

Kinnison and Warner also both obstructed the ensuing grand jury investigation by deleting evidence from their cellular phones. *Id.* ¶¶ 85, 87.

As a result of their actions on, before, and after January 6, 2021, the Indictment charges the four defendants with the following:

Count 1: Conspiracy to Obstruct an Official Proceeding, in violation of 18 U.S.C. § 1512(k)

Count 2: Obstructing an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2

Count 5:   Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1)

Count 6:   Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2)

Kinnison and Warner are also charged in Counts 7 and 8, respectively, with Tampering with Documents or Proceedings, in violation of 18 U.S.C. § 1512(c)(1).

## **LEGAL STANDARD**

An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the Government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here.

Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). Criminal cases have no mechanism equivalent to the civil rule for summary judgment. *See, e.g.*, *United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980) ("[M]otions for summary judgment are creatures of civil, not criminal trials"); *Yakou*, 428 F.3d at 246-47 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-CR-40 (BAH), 2020 WL 6342948 at *5 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence). Accordingly, dismissal of a charge does not depend on forecasts from defendants of what the Government can prove. Instead, a criminal defendant may move for dismissal based on a defect in the indictment, such as a failure to state an offense. *See United States v. Knowles*, 197 F. Supp. 3d 143, 148 (D.D.C. 2016).

Whether an indictment fails to state an offense because an essential element is absent calls for a legal determination. When ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and more specifically, the language used to charge the crimes. *See, e.g.*, *United States v. Bingert*, 605 F. Supp. 3d 111, 118 (D.D.C. 2022) (a motion to dismiss challenges the adequacy of an indictment on its face and the relevant inquiry is whether its allegations permit a jury to find that the crimes charged were committed); *United States v. McHugh*, No. 21-CR-453 (JDB), 2022 WL 1302880 at *2 (D.D.C. May 2, 2022) (a motion to dismiss involves the Court's determination of the legal sufficiency of the indictment, not the sufficiency of the evidence).

## **ARGUMENT**

The defendants' attacks on Count One and Two are without merit.[1]

**I.       "Official Proceeding" Includes Congress's Certification of the Electoral College Vote**

Warner contends that Count Two should be dismissed for failure to state an offense because the electoral college certification proceeding does not constitute an "official proceeding" under 18 U.S.C. § 1512(c)(2).[2]  Defendant Warner's Motion at 2-9.  Instead, Warner claims, the term "official proceeding" narrowly includes only those proceedings that "affect the administration of justice." *Id.* at 6.  This argument is foreclosed by *Fischer*, as Warner recognizes.[3]  *Id.* at 2.

In *Fischer*, the D.C. Circuit held that "[t]he statutory definition of 'official proceeding' under § 1512(c)(2) includes a 'proceeding before the Congress.'"  64 F.4th at 342-43 (quoting 18 U.S.C. § 1515(a)(1)(B)).  "Although appellees strain to argue that the Electoral College vote certification is not a 'proceeding before the Congress' because it does not involve 'investigations and evidence,' we see no such limit in the ordinary meaning of the word 'proceeding.'"  *Id.* (citing *Proceeding*, Oxford English Dictionary (2d ed. 1989) ("[T]he carrying on of an action or series of actions.")).  "Notably," the Circuit continued, "Congress follows statutory directives to complete the certification of the Electoral College vote, including: (1) convening a joint session at 1:00 PM on January 6 in the year following the presidential election; (2) appointing four tellers to read and

---

[1] Defendant Warner's motion, on its face, seeks dismissal of only Count Two (Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2)).  The Government construes the motion to also seek dismissal of Count One (Conspiracy to Obstruct an Official Proceeding, in violation of 18 U.S.C. § 1512(k)) because the logic of Warner's arguments, if adopted, would bear on the viability of Count One as well.

[2] Mele does not advance this argument.  Defendant Mele's Motion at 8.

[3] Warner states in his brief that he is "well aware of the D.C. Circuit's decision in *Fischer*," but is filing the motion to avail himself of any possible favorable action by the U.S. Supreme Court.  Defendant Warner's Motion at 2-3.

5

list the votes; (3) announcement of the voting results by the President of the Senate; and (4) allowing written objections from members of Congress, subject to a procedure for submitting and resolving such objections. Those directives reflect Congress's own intent that the vote certification shall be a 'proceeding before the Congress.'" *Id*. at 343 (citations omitted).

Following the binding holding in *Fischer*, this Court should refuse to adopt Warner's proposed definition of "official proceeding" that is "inapt when interpreting the meaning of a 'proceeding *before the Congress*.'" *Id*. (quoting 18 U.S.C. § 1515(a)(1)(B)); *see also Puma*, 596 F. Supp. 3d at 97-102 ("The Court concludes that Congress' activities on January 6, 2021, clearly constitute a formal assembly akin to a hearing and thus fall within this definition of an 'official proceeding' before 'the Congress.'"). Accordingly, this argument fails.

Warner further contends that Section 1512 must be "strictly construed" and the court must "exercise restraint" in its interpretation. Warner's Motion at 3-4. Warner—who broke into the Capitol Building by climbing through a smashed window, while wearing a helmet and carrying bear spray—laments the Government's "haste" to prosecute January 6 rioters and goes so far as to allege that the Government charged him in Count Two by "tak[ing] liberties" with the application of Section 1512. *Id.* at 10. The Government construes this argument as a contention that it is unfair to prosecute him for obstruction of an official proceeding because he was not on fair notice that Congress's Joint Session on January 6 constituted an "official proceeding" under Section 1512(c)(2). The rule of lenity, however, applies "only when a criminal statute contains a 'grievous ambiguity or uncertainty,' and 'only if, after seizing everything from which aid can be derived,' the Court 'can make no more than a guess as to what Congress intended.'" *Fischer*, 64 F.4th at 350 (quoting *Ocasio v. United States*, 578 U.S. 282, 295 n.8 (1994)). In addressing the same

argument from another January 6 defendant, the Circuit concluded, "the language of § 1512(c)(2) is clear and unambiguous. Restraint and lenity therefore have no place in our analysis." *Id.*

## II. Section 1512(c)(2) Encompasses All Forms of Obstructive Conduct

Defendant Mele contends that to allege a violation of Section 1512(c)(2), the Government must allege that the defendant took some action with respect to a "record, or other object." Defendant Mele's Motion at 6-8. This argument is also foreclosed by the majority opinion in *Fischer*.[4] Mele admits as much, but nonetheless asks the Court to make a ruling against binding Circuit precedent. *Id.* at 8 ("Mele would assert the minority view is the correct reading of the section and Count 2 should be dismissed.").

In *Fischer*, the D.C. Circuit addressed a pretrial ruling that Section 1512(c)(2) "requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." 64 F.4th at 334. Because the indictments in the cases on appeal did not allege that the defendants "violated § 1512(c)(2) by committing obstructive acts related to 'a document, record, or other object,' the district court dismissed the § 1512(c)(2) counts." *Id.* The government appealed and the D.C. Circuit reversed, holding Section 1512(c)(2) "encompasses all forms of obstructive conduct, including . . . efforts

---

[4] The Defendants' arguments have also been rejected by this Court and other judges in this District. *See, e.g.*, *United States v. Bingert*, 21-cr-91, 605 F. Supp. 3d 111 (D.D.C. 2022) (Lamberth, J.); *United States v. Fitzsimons*, 21-cr-158, 605 F. Supp. 3d 132 (D.D.C. 2022) (Contreras, J.); *United States v. Hale-Cusanelli*, 21-cr-37, ECF 82 (D.D.C. May 6, 2022) (McFadden, J.) (motion to dismiss hearing at pp. 4-8); *United States v. McHugh* (*McHugh II*), 21-cr-453, 2022 WL 1302880 (D.D.C. May 2, 2022) (Bates, J.); *United States v. Bozell*, 21-cr-216, 2022 WL 474144, at *5 (D.D.C. Feb. 16, 2022) (Bates, J.); *United States v. Grider*, 21-cr-22, 585 F. Supp. 3d 21 (D.D.C. 2022) (Kollar-Kotelly, J.); *United States v. Nordean*, 21-cr-175, 579 F. Supp. 3d 28 (D.D.C. 2021) (Kelly, J.); *United States v. Montgomery*, 21-cr-46, 578 F. Supp. 3d 54 (D.D.C. 2021) (Moss, J.); *United States v. Mostofsky*, 21-cr-138, 579 F. Supp. 3d 9 (D.D.C. 2021) (Boasberg, J.); *United States v. Caldwell*, 21-cr-28, 581 F. Supp. 3d 1 (D.D.C. 2021) (Mehta, J.); *United States v. Sandlin*, 21-cr-88, 575 F. Supp. 3d 16 (D.D.C. 2021) (Friedrich, J.).

to stop Congress from certifying the results of the 2020 presidential election." *Id.* at 335. The court concluded that, "[u]nder the most natural reading of the statute, § 1512(c)(2) applies to all forms of corrupt obstruction of an official proceeding, other than the conduct that is already covered by § 1512(c)(1)." *Id.* at 336 (concluding that this "broad interpretation of the statute—encompassing all forms of obstructive acts—is unambiguous and natural, as confirmed by the 'ordinary, contemporary, common meaning' of the provision's text and structure") (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). This portion of the opinion was authored by Judge Pan and joined by Judge Walker, and thus constitutes *Fischer*'s binding holding.

Notably, neither Warner nor Mele has advanced any argument to distinguish the obstruction of an official proceeding charge in Count Two here from *Fischer*. *Fischer* thus confirms that the Indictment in this case is sufficient notwithstanding the fact that it does not allege obstructive acts related to a document, record, or other object. *See Fischer*, 64 F.4th at 332; *see also Puma*, 596 F. Supp. 3d at 106-08 ("In sum, Section 1512(c)(2) gives defendants fair warning in plain language that a crime will occur in a different ('otherwise') manner compared to § 1512(c)(1) if the defendant 'obstructs, influences, or impedes any official proceeding' without regard to whether the action relates to documents or records.") (citing *United States v. Caldwell*, 581 F. Supp. 3d 1, 21 (D.D.C. 2021)).

### III. Mele's Various Factual Arguments Related to His Purported Conduct, Knowledge, and Intent on January 6, 2021 Are Not Proper on a Motion to Dismiss

Last, defendant Mele argues that Counts One and Two should be dismissed because, accordingly to Mele, the Government cannot introduce at trial sufficient evidence to prove that he acted with the requisite knowledge and intent. Defendant Mele's Motion at 11-13. Mele supports this argument with various factual allegations that he "was nowhere near the riot," "he lost touch with" his co-defendants, he felt during the riot "I just wanna . . . leave," and "he did not act

corruptly or with an unlawful purpose." Defendant Mele's Motion at 3, 9, 11. Mele therefore contends that "the Government cannot prove beyond a reasonable doubt Mele had intent to either impede or obstruct the proceedings before Congress. *Id.* at 8. He further contends that the Government cannot "introduce sufficient evidence for the jury to find that Mele knew his actions . . . would obstruct an official proceeding." *Id.* at 11.

While the Government takes issue with these representations, as relevant here, these are simply not proper arguments for a motion to dismiss. Mele does not contend that there is any error or flaw in the Indictment. Instead, Mele is making fact-specific arguments that cannot be decided short of a trial. *See Pope*, 613 F.3d at 1259 ("If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial."). Thus, the question of whether the Government can meet its burden to prove all the elements of the charged crimes, including elements related to Mele's intent, is a question for trial. Mele's motion to dismiss the Indictment based on his unproven— and, in the Government's view, false—factual allegations should therefore be denied.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that defendants' motions to dismiss Counts One and Two be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: _____/s/_____
JASON M. MANNING
NY Bar No. 4578068
ANTHONY W. MARIANO

9

        MA Bar No. 688559
        Trial Attorneys, Detailees
        601 D Street N.W.
        Washington, DC 20530
        (202) 514-6256
        Jason.Manning@usdoj.gov
        (202) 476-0319
        Anthony.Mariano2@usdoj.gov