UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-392 (RCL) |
| | : | |
| ERIK SCOTT WARNER, | : | |
| FELIPE ANTONIO "TONY" | : | |
| MARTINEZ, | : | |
| DEREK KINNISON, and | : | |
| RONALD MELE | : | |
| | : | |
| Defendants. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT ERIK WARNER AND RONALD MELE'S MOTIONS TO DISMISS COUNTS FIVE AND SIX OF THE INDICTMENT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Opposition to the motions filed by defendants Erik Warner and Ronald Mele to dismiss counts Five and Six of the Indictment. ECF 224 (hereinafter "Defendant Warner's Motion") and ECF 231, 247 (hereinafter "Defendant Mele's Motion).[1] Defendants Felipe Antonio "Tony" Martinez and Derek Kinnison have joined Defendant Warner's Motion. ECF 232, 235.

Warner contends that Counts Five and Six of the Second Superseding Indictment, which arise under 18 U.S.C. § 1752, should be dismissed because the United States Capitol Police, rather than the United States Secret Service ("USSS"), established the restricted area at the U.S. Capitol on January 6, 2021. As set out in greater detail below, Defendant's Motion should be denied because: (1) Section 1752 does not require the government to prove that the restricted area was restricted at the Secret Service's direction; (2) Section 1752 is not unconstitutionally vague; (3) the

---

[1] Mele appears to have submitted identical filings at ECF 231 and 247.

1

rule of lenity and the novel construction principle do not apply; and (4) Warner's fact-specific argument about permitted protest activities on U.S. Capitol grounds on January 6, 2021 are improper on a motion to dismiss.

Mele contends that Counts Five and Six of the Second Superseding Indictment, which arise under 18 U.S.C. § 1752, should be dismissed because they infringe on his First Amendment right to petition.  As set out in greater detail below, Defendant Mele's Motion should be denied because Section 1752 prohibits conduct rather than protected speech, and Mele's fact-specific arguments are improper on a motion to dismiss.

## **BACKGROUND**

Over 1,000 individuals have been charged thus far in connection with the attack on the U.S. Capitol on January 6, 2021.  Defendants Erik Warner, Ronald Mele, Derek Kinnison, and Tony Martinez are four of the individuals who unlawfully entered the grounds of the U.S. Capitol and who have been charged with various crimes as a result. *See* Second Superseding Indictment, ECF 210 (hereinafter "Indictment").  In summary, the four defendants traveled together by car from California to attend the "Stop the Steal" rally on January 6, 2021 in Washington, D.C.; brought firearms and other weapons into Washington D.C.; entered the Capitol Grounds from the west front during the ongoing riot; and remained on Capitol Grounds as police tried to protect the Capitol Building and those lawfully inside it from a violent mob.  Indictment, *passim*.  Mele arrived at the Capitol wearing a camouflage-print plate carrier vest.  Further, Warner breached the Capitol Building during the riot by climbing through a broken window, and Kinnison and Warner both obstructed the ensuing grand jury investigation by deleting evidence from their cellular phones. *See generally*, Indictment at ¶¶ 25-64.

As a result of their actions on, before, and after January 6, 2021, the Indictment charges the four defendants with the following:

Count 1:    Conspiracy to Obstruct an Official Proceeding, in violation of 18 U.S.C. § 1512(k)

Count 2:    Obstructing an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2

Count 5:    Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1)

Count 6:    Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2)

Kinnison and Warner are also charged in Counts 7 and 8, respectively, with Tampering with Documents or Proceedings, in violation of 18 U.S.C. § 1512(c)(1).

## LEGAL STANDARD

An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). An indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*." Fed. R. Crim. P. 12(b)(1) (emphasis added). It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on

3

sufficiency-of-the-evidence grounds" unless the Government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here.

Indeed, "[i]f contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.).  Criminal cases have no mechanism equivalent to the civil rule for summary judgment.  *See, e.g.*, *United States v. Bailey*, 444 U.S. 394, 413, n.9 (1980) ("[M]otions for summary judgment are creatures of civil, not criminal trials"); *Yakou*, 428 F.3d at 246-47 ("There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context"); *United States v. Oseguera Gonzalez*, No. 20-CR-40 (BAH), 2020 WL 6342948 at *5 (D.D.C. Oct. 29, 2020) (collecting cases explaining that there is no summary judgment procedure in criminal cases or one that permits pretrial determination of the sufficiency of the evidence).  Accordingly, dismissal of a charge does not depend on forecasts from defendants of what the Government can prove.  Instead, a criminal defendant may move for dismissal based on a defect in the indictment, such as a failure to state an offense.  *See United States v. Knowles*, 197 F. Supp. 3d 143, 148 (D.D.C. 2016).

Whether an indictment fails to state an offense because an essential element is absent calls for a legal determination.  Thus, when ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and more specifically, the language used to charge the crimes.  *See, e.g.*, *United States v. Bingert*, 605 F. Supp. 3d 111, 118 (D.D.C. 2022) (a motion to dismiss challenges the adequacy of an indictment on its face and the relevant inquiry is whether its allegations permit a jury to find that the crimes charged were committed); *United States v. McHugh*, No. 21-CR-453 (JDB), 2022 WL 1302880 at *2 (D.D.C. May 2, 2022)

4

(a motion to dismiss involves the Court's determination of the legal sufficiency of the indictment, not the sufficiency of the evidence).

## ARGUMENT

The defendants' attacks on Count Five and Six are without merit.

**I.     As Courts Have Uniformly Held, Section 1752 Does Not Require the Government To Prove that the Restricted Area Was Restricted at the Secret Service's Direction**

Warner argues that Counts Five and Six should be dismissed for failure to state an offense because the U.S. Capitol Police, and not the Secret Service, designated the "restricted area" around the U.S. Capitol on January 6, 2021.  Defendant Warner's Mot. at 10-13.  However, nothing in the language of Section 1752 requires that the U.S. Secret Service designate the "restricted area," and Defendant's attempt to read such a requirement as implied in the statutory language goes against the common sense reading of the text and its legislative history, as all the courts in this district to address this issue, including this Court, have held.[2]

Section 1752 provides in relevant part:

(a)  Whoever—
  (1) knowingly enters or remains in any restricted building or grounds without lawful authority to do so; [or]
  (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions;
   . . .

---

[2] *See, e.g.*, *United States v. Bingert*, 605 F. Supp. 3d at 130-132 (18 U.S.C. § 1752(a)(1)); *United States v. Griffin*, 549 F. Supp. 3d 49, 52-58 (D.D.C. 2021) (denying motion to dismiss charge of violating 18 U.S.C. § 1752(a)(1); *United States v. Mostofsky*, 21-CR-138 (JEB), 2021 WL 6049891, at *12-13 (D.D.C. Dec. 21, 2021) (18 U.S.C. § 1752(a)(1)); *United States v. Nordean*, 21-CR-175 (TJK), 2021 WL 6134595, at *18-19 (D.D.C. Dec. 28, 2021) (18 U.S.C. § 1752(a)(1)); *United States v. Andries*, 21-CR-93 (RC), 2022 WL 768684, at *12-16 (D.D.C. Mar. 14, 2022) (18 U.S.C. § 1752(a)(1) and (a)(2)); *United States v. Puma*, 21-CR-454 (PLF), 2022 WL 823079, at *13-16 (D.D.C. Mar. 19, 2022) (18 U.S.C. § 1752(a)(1) and (a)(2)); *United States v. Sargent*, No. 21-CR-258 (TFH), 2022 WL 1124817, at *9 (D.D.C. Apr. 14, 2022).

(c) In this section—
    (1) [T]he term "restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area—
        (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting;

18 U.S.C. § 1752. Section 1752 also defines "restricted building or grounds" to include any posted, cordoned off, or otherwise restricted area "of the White House or its grounds, or the Vice President's official residence or its grounds" or "of a building or grounds so restricted in conjunction with an event designated as a special event of national significance." 18 U.S.C. § 1752(c)(1)(A), (C).

The language of Section 1752 contains no express requirement that the "restricted buildings or grounds" must be restricted by USSS for there to be a violation of Section 1752. Nonetheless, Warner argues that such a requirement is implicit in the statutory language. Defendant Warner's Mot. at 10. However, because the plain language of the statute is clear and unambiguous, reading the implied requirement provided by Warner is unwarranted. Even if one were to look beyond this plain language, the legislative history of Section 1752 also weighs against Warner's interpretation.

First, "absent from the text is any mention of a requirement that any specific entity must restrict or cordon off the area, let alone a requirement that only the Secret Service may be the restricting entity." *Andries*, 2022 WL 768684, at *14 (citation omitted). Section 1752 proscribes certain conduct in and around "any restricted building or grounds," *see* 18 U.S.C. § 1752(a), and it provides three definitions for the term "restricted buildings and grounds," *see* 18 U.S.C. § 1752(c)(1), including "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting," § 1752(c)(1)(B). Through a cross-reference, Section 1752 makes clear—

and Defendant does not appear to dispute—that "person[s] protected by the Secret Service" includes the Vice President. 18 U.S.C. § 1752(c)(2); *see* 18 U.S.C. § 3056(a)(1). The proscribed conduct within a "restricted building or grounds" includes, as relevant here, knowingly and unlawfully entering or remaining, § 1752(a)(1), and knowingly and with intent to impede or disrupt government business, engaging in "disorderly or disruptive conduct" that "in fact, impedes or disrupts" "government business," § 1752(a)(2).

In short, Section 1752 "prohibits persons from knowingly entering without lawful authority to do so in any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting." *Wilson v. DNC Servs. Corp.*, 417 F. Supp. 3d 86, 98 (D.D.C. 2019), *aff'd*, 831 F. App'x 513 (D.C. Cir. 2020). Where, as here, the words of the statute are unambiguous, "the judicial inquiry is complete." *See Babb v. Wilkie*, 140 S. Ct. 1168, 1177 (2020) (internal quotation marks omitted). However, under Warner's interpretation of Section 1752, there is an additional, implied requirement unstated in the statutory language above that any restricted area must be designated by USSS. There is no such requirement, nor is there any credible rationale why one should be inferred.

And while looking beyond the plain language is unwarranted here, *see United States v. American Trucking Associations*, 310 U.S. 534, 543 (1940) (stating that looking beyond clear statutory text is appropriate where the results would be absurd or demonstrably at odds with clearly expressed Congressional intent), the legislative history of Section 1752 in fact affirms the plain reading of the text that Defendant resists. *See Andries*, 2022 WL 768684, at *14 (finding that similar "extra-textual considerations at best do not support [defendant's] reading [of Section 1752] and at worst undermine it"). As defendant acknowledges, when Section 1752 was first enacted in 1970, USSS was part of the Treasury Department, and this original version of the statute explicitly

7

incorporated regulations promulgated by the Treasury Department governing restricted areas.  *See United States v. Bursey*, 416 F.3d 301, 306-07 (4th Cir. 2005) (noting that definition of restricted area required interpreting Treasury regulations).  Specifically, subsection (d) of Section 1752 gave authority to the Department of the Treasury, which oversaw USSS, to "prescribe regulations governing ingress or egress to such buildings and grounds and to posted, cordoned off, or otherwise restricted areas where the President is or will be temporarily visiting."  Pub. L. 91-644, Title V, Sec. 18, 84 Stat. 1891-92 (Jan. 2, 1971).  However, when Congress revised Section 1752 in 2006, it struck subsection (d) from the statute, eliminating the requirement that "restricted building or grounds" be necessarily defined or designated by USSS or any other particular law enforcement agency.  Pub. L. 109-177, Title VI, Sec. 602, 120 Stat. 192 (Mar. 9, 2006).  In 2012, Congress further reinforced this interpretation by adding the definitional subsection (c) cited above, which provides the current definition of "restricted building or grounds."  Pub. L 112-98, Title I, Sec. 2, 126 Stat 263 (March 8, 2012).  Contrary to Warner's reading, the legislative history shows that Congress deliberately excised any requirement that a restricted area depend on any definition or determination by USSS.

Both the plain language and legislative history of Section 1752 show that there is no requirement, express or implied, that an area be restricted by a particular law enforcement agency, as courts in this district have unanimously held.  *See United States v. Grider*, 617 F.Supp.3d 42, 53 n. 9 (D.D.C. July 29, 2022) (collecting cases) ("[N]othing in the statutory text requires the Secret Service to be the entity to restrict or cordon off a particular area"); *Bingert*, 605 F. Supp.3d at 131 ("[D]efendants fashion a bizarre requirement, seemingly out of thin air: that only the Secret Service can designate an area as restricted [for the purposes of 18 U.S.C. § 1752].");  *United States*

*v. Rhine*, No. 21-CR-687 (RC), 2023 WL 372044, at *11 (D.D.C. Jan. 24, 2023). Warner's contention that Counts Five and Six are defective for this reason should be likewise rejected.

## II.     Section 1752 Is Not Unconstitutionally Vague

Warner also raises various vagueness challenges to Section 1752(a)(2), all of which fail. As Warner fails to acknowledge, Judges Friedman, Bates, Kelly, McFadden, and Cooper have all rejected vagueness challenges to 18 U.S.C. 1752(a)(1) and (a)(2). *Grider*, 2022 WL 3016775, at *7; *Puma*, 2022 WL 823079, at *3 ("This Court concludes that . . . 18 U.S.C. § 1752 [is] not unconstitutionally vague."); *Bozell*, 2022 WL 474144, at *9 ("§ 1752 "is clear[,] gives fair notice of the conduct it punishes, and [does not] invite arbitrary enforcement."); *United States v. Nordean*, 579 F. Supp. 3d 28, 60 (D.D.C. 2021) (§ 1752(a)(1) and (a)(2) are "not unconstitutionally vague"); *Griffin*, 549 F. Supp. 3d at 57 ("This law is no trap awaiting the unwary."); *United States v. Caputo*, 201 F. Supp. 3d 65, 72 (D.D.C. 2016) ("18 U.S.C. § 1752(a)(1) is . . . not void for vagueness.").

First, Warner argues that the straightforward interpretation described above is unconstitutionally vague because the statute fails to provide notice that crossing a barrier erected by an entity other than the Secret Service is criminal. Defendant Warner's Mot. at 13-14. A statue is vague where it (1) fails to give ordinary people fair notice of the conduct it punishes or (2) is so standardless that it invites arbitrary enforcement. *Johnson v. United States*, 576 U.S. 591, 595 (2015). Neither applies to Section 1752. As set out above, Section 1752 prohibits the defendant from knowingly engaging in certain conduct in "any posted, cordoned off, or otherwise restricted area, of . . . grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(a), (c)(1)(B). As explained above, the statute is not vague: rather, it clearly does not require that the Secret Service restrict the area. As Judge McFadden held in *United States v. Griffin*, "[1752] does not invite arbitrary enforcement by

9

criminalizing common activities or giving law enforcement undue discretion." 549 F. Supp. 3d 49, 57 (D.D.C. 2021).[3]

Warner also attacks the charge brought under Section 1752(a)(2) (Count 6), "to the extent the government has not properly alleged that the west front of the Capitol steps was a restricted area under § 1752(c) . . . [the] phrase 'within such proximity to' is an unconstitutionally vague boundary standard as applied to the defendant." Defendant Warner's Mot. at 17. But Warner ignores the explicit language of the Indictment, which alleges that defendant entered and remained "*in* a restricted building and grounds" (Count Five) and that defendant engaged in disorderly and disruptive conduct "*in* and within such proximity to" restricted grounds (Count Six). Ind. ¶¶ 80, 82. Thus, the Indictment alleges that Warner was not just "within such proximity" to a restricted area but was in fact *within* a restricted area. "So whatever 'fuzzy boundary standard[]' that phrase may introduce is irrelevant here." *Nordean*, 579 F. Supp.3d at 60, n.16;[4] *see also*, *United States*

---

[3] Defendant's unsupported claim that the statute is vague because the government "had never prosecuted a violation of that statute with the allegation that the accused entered an area restricted by some government agency other than the USSS" (Mot. at 16) is wrong. "Discretionary prosecutorial decisions cannot render vague as applied a statute that by its plain terms provides fair notice." *United States v. Caldwell*, 21-cr-28 (APM), 2021 WL 6062718, at *8 (D.D.C. Dec. 20, 2021); *see also United States v. Montgomery,* 21-cr-46 (RDM), 2021 WL 6134591, at *22 (D.D.C. Dec. 28, 2021) ("the presence of enforcement discretion alone does not render a statutory scheme unconstitutionally vague") (quoting *Kincaid v. District of Columbia*, 854 F.3d 721, 729 (D.C. Cir. 2017) (Kavanaugh, J.)). The vagueness doctrine is directed at the notice that the statute itself provides, not the government's enforcement decisions.

[4] While the Court should reject the vagueness claim based solely on the statute and the Indictment, the Government expects that the facts at trial will show that all four defendants were within the restricted area (indeed, the facts will show Warner entered the Capitol Building itself), and so they would clearly be on notice that their conduct violated the statute, regardless of the quibble with the "proximity" provision. "A [defendant] who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applies to the conduct of others." *Nordean*, 579 F. Supp. 3d 28, at 57 (citing *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010)) (cleaned up).

*v. Griffith*, No. 21-CR-244, 2023 WL 1778192, at *3 (D.D.C. Feb. 6, 2023); *United States v. Egtvedt,* 21-CR-177, Dkt. Entry 93 at 13, n.2 (D.D.C. Nov. 4, 2022).

Judge Bates' decision rejecting the same vagueness challenge in *Neely* is instructive.  As in *Griffith* and *Egtvedt*, Judge Bates first pointed out that the indictment alleged that the defendant was "in" the restricted area, not merely in proximity to it.  *Neely*, 2023 WL 1778198, at *4.  Moreover, Judge Bates found, the boundary-based vagueness argument failed because it did not "grapple with the mens rea element of the statute, which requires him to have acted 'knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions.'"  *Id.* at *5 (citing *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 499 (1982) ("[A] scienter requirement may mitigate a law's vagueness.").  Like Neely, Warner "does not argue that description of the conduct regulated—disorderly conduct that disrupts government business—is vague."  For this additional reason, his motion fails.

### III.   The Rule of Lenity and the Novel Construction Principle Do Not Apply.

As every other court to address this issue has concluded, the language of Section 1752(a) is unambiguous.  Therefore, the Court need not resort to the rule of lenity and the novel construction principle.  As Judge McFadden explained last year when rejecting nearly identical arguments that the rules of lenity and constitutional avoidance should apply as a result of Section 1752's purported ambiguity,

> [Defendant] invokes the doctrine of lenity and the "novel construction principle."  Neither applies.  Lenity is "a sort of junior version of the vagueness doctrine."  It comes into frame only when a court has exhausted all canons of statutory construction and is left with only a coin flip to resolve "grievous ambiguity."
>
> As the Court has explained, Section 1752 is capacious, not ambiguous.  [Defendant's] "ability to articulat[e] a narrower construction" of the statute does not trigger lenity.  Nor has there been an "unforeseen judicial enlargement" of a longstanding criminal statute so that it operates like an ex post facto law.  [Defendant] has allegedly violated a rarely charged statute, but that does not mean the *construction* of the statute unfairly blindsided

him.  There was no prevailing practice of courts foregoing or rejecting the interpretation that the Government now advances.

*Griffin*, 549 F. Supp. 3d at 57-58 (citations omitted).

Judges of this district have rejected attempts to cast Section 1752 as "ambiguous." "§ 1752 'is clear[,] gives fair notice of the conduct it punishes, and [does not] invite arbitrary enforcement.'"  *United States v. Bozell*, No. 21-CR-216 (JDB), 2022 WL 474144, at *9 (D.D.C. Feb. 16, 2022) (citing *United States v. Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *19 (D.D.C. Dec. 28, 2021)); *Griffin*, 549 F. Supp. 3d at 57 ("This law is no trap awaiting the unwary.")).

For the same reasons, Section 1752 is not an *ex post facto* law, as Warner argues. Defendant Warner's Mot. at 20-22.  As Judge Kollar-Kotelly found, rejecting an identical challenge in *Grider*:

> Grider has identified no precedent adopting his reading.  Indeed, it is Defendant's reading of these statutes that appears to be novel.  As the Court has concluded above, neither section 231 nor section 1752 are, for present purposes, susceptible of more than one meaning.  The fact that Grider 'has allegedly violated a rarely charged statute,' or that the Government has applied the challenged provisions to conduct at the United States Capitol, 'does not mean that the construction of the[se] statute[s] unfairly blindsided him.

*Grider*, at 54 (citing and quoting *Griffin*, 549 F. Supp. 3d at 58).  Warner's *ex post facto*, novel construction, and lenity arguments all fail because, in summary, they rest on the premise that Section 1752 suggests that the Secret Service must restrict the area; a premise that is not only incorrect but is without support in the statutory text.

## IV.   An Argument that United States Capitol Police Allowed Protest Activities Within the Restricted Area on January 6, 2021 Is Not Proper on a Motion to Dismiss

Warner argues that Counts Five and Six should be dismissed because U.S. Capitol Police "lifted" the restricted area on January 6 to allow protest, and/or because certain barriers on the

west side of the Capitol were breached before Warner arrived, such that he plausibly believed that his "free speech assembly" on the inaugural stage was allowed.  Defendant Warner's Mot. at 22-26.  Mele also makes various factual allegations in support of his motion to dismiss Counts Five and Six.  Mele alleges, *inter alia*, that he came to Capitol "without violence"; "there was no indication" to let him know that the grounds were restricted; and he had "no unlawful intent to trespass"; and there were no security barriers present when he entered the Capitol Grounds. Defendant Mele's Mot. at 2-3.

While the Government takes issue with the representations made in both motions, as an threshold matter, these are not proper arguments for a motion to dismiss, as they do not contend there is any error or flaw in the Indictment.  Instead, the defendants are making fact-specific arguments that cannot be decided short of a trial.  *See Pope*, 613 F.3d at 1259 ("If contested facts surrounding the commission of the offense would be of *any* assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial.").  The defendants' motions to dismiss should be denied on this basis alone.  Additionally, the evidence in this case will clearly prove that the defendants had numerous indications that U.S. Capitol Grounds, including the west front, were restricted that day, including the extensive police presence on U.S. Capitol Grounds. The scene at the west front also leaves no room for confusion about the lawfulness of the crowd's activities—hundreds of rioters assaulted police officers, pushed past police lines, sprayed police with chemical irritants and otherwise attempted to physically breach the police line and gain entrance into the building.  Thus, the evidence will show that the defendants were not protesters permitted to be on U.S. Capitol Grounds that day but were instead rioters who came to the Capitol donning tactical gear and prepared for a fight.  They were well aware that they were entering restricted space.

**V.      Section 1752's Prohibitions on Specified Conduct Are Constitutionally Valid on Their Face and as Applied to Mele**

Mele also contends that Count Five and Six violate his First Amendment right to demonstrate and protest at the Capitol.  Defendant Mele's Mot. at 8-11.  This contention also rests on disputed factual issues that cannot be resolved on a motion to dismiss: Mele proffers, in support of his motion, that "the facts will show the Mele was acting peacefully."  Defendant Mele's Mot. at 10.[5]  The Indictment, however, alleges that Mele "did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions."  Ind. ¶ 82.  On a motion to dismiss, the Court is limited to reviewing the face of the Indictment—and the Indictment here adequately alleges that Mele engaged in disruptive conduct in violation of the 18 U.S.C. § 1752(a)(2).  *See, e.g.*, *United States v. Bingert*, 605 F. Supp. 3d 111, 118 (D.D.C. 2022).

This Court has previously considered and rejected a similar motion to dismiss violations of Section 1752 for purportedly infringing protected First Amendment activity.  In *Bingert*, the defendants were alleged to have participated in the riot at the Capitol on January 6.  605 F. Supp.

---

[5] Among his arguments, Mele speculates as to the Government's intention in prosecuting him for the charged offenses: "Mele's indictment is aimed at chilling Mele's (and millions of others) right to petition and speak against perceived government abuses at the Capitol."  Defendant Mele's Mot. at 4.  Not so.  Mele's Indictment is aimed at "chilling" the risk of another January 6—an attack on our country that sought to upset and undermine our system of government.  The defendant was and is free to petition his elected representatives for redress.  He is not free, however, to take the law into his own hands, trespass on government property, engage in disruptive conduct, and seek to corruptly disrupt the orderly transfer of presential power simply because he does not like an election result.

3d at 116-17.  The defendants contended that Section 1752(a)(1) was unconstitutional as applied

"because it violates their First Amendment rights."  *Id.* at 117.  The Court stated the governing

legal standard as follows:

> Prevailing on an as-applied First Amendment challenge requires defendants to demonstrate that the statute is unconstitutional as applied to their particular expressive activity.  But if defendants' activity was not expressive conduct, defendants cannot succeed on their challenge.

*Id.* at 130 (citing *Edwards v. District of Columbia*, 755 F.3d 996, 1001 (D.C. Cir. 2014); *United*

*States v. Caputo*, 201 F. Supp. 3d 65, 71 (D.D.C. 2016)).  The Court further stated:

> "[W]here demonstrations turn violent, they lose their protected quality as expression under the First Amendment."  *Grayned v. City of Rockford*, 408 U.S. 104, 116 (1972).  The mere fact that defendants were present at the Capitol to convey their disagreement with the results of the 2020 election does not render this conduct expressive.  "We cannot accept the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea."  *United States v. O'Brien*, 391 U.S. 367, 376 (1968).

*Id.*

Here, the Indictment alleges that Mele, in preparation for January 6, told his co-defendants

that he was bringing a firearm, specifically, an "18" " barrel."  Ind. ¶ 51.  Mele then engaged in

disorderly and disruptive conduct in and within proximity to the Capitol grounds.  Ind. ¶ 82.  The

Indictment further alleges that Mele, in his own words, stated that on January 6, 2021, he "stormed"

the Capitol—an action that denotes far more than mere peaceful protest.  Ind. ¶ 68.  These

allegations are more than sufficient to charge that Mele violated Section 1752(a)(1) and (a)(2)

through conduct that transcends protected speech.  *Bingert*, 130-131.

*United States v. Baez* is also instructive.  In that case, the defendant was also charged with

crimes arising from the Capitol riot on January 6, 2021.  Like Mele, she made "a number of

sweeping generalizations, arguing that Section 1752(a)(1) restricts her First Amendment rights."

No. CR 21-0507 (PLF), 2023 WL 3846169, at *5 (D.D.C. June 2, 2023).  Judge Friedman treated

the motion as both a facial and an as-applied challenge to Section 1752 and held that both arguments fail.  *Id.*

"A facial challenge fails," Judge Friedman held, "because the plain text of Section 1752(a)(1) clearly punishes conduct – unlawfully entering and remaining – and therefore does not reach a substantial amount of protected speech."  *Id.* (citing *United States v. Williams*, 553 U.S. 285, 292 (2008)).  To the extent that Mele's motion makes a facial challenge to Section 1752(a)(1), Defendant Mele's Mot. at 8, it fails for the same reason.

In *Baez*, Judge Friedman held that the as-applied challenge failed as well because in conducting the required analysis, a court "must first assess whether [the particular defendant's] conduct is, in fact, expressive, and then determine whether the challenged statute is related to the suppression of free expression."  *Id.* at *6 (cleaned up) (citing *United States v. Caputo*, 201 F. Supp. 3d 65, 71 (D.D.C. 2016)).  At the motion to dismiss stage, however, "the Court is limited to considering only allegations within the four corners of the [charging instrument]."  *Id.* at *6.  Because "[t]he Court may not find facts on a motion to dismiss," it rejected the as-applied challenge as premature.  *Id.*  The same reasoning applies here: the Court cannot assess on a motion to dismiss whether the defendant's conduct was merely expressive—a contention that is contradicted by the Indictment and, the Government submits, will be thoroughly disproved at trial—and therefore the motion must be denied.  *Baez,* 2023 WL 3846169, at *6.[6]

---

[6] Mele also makes the peculiar argument that the Government cannot convict Mele of entering and remaining in the United States Capitol where Mele did not enter the building itself.  Def's Mot. at 8.  The Indictment, however, plainly alleges that Mele is charged with entering and remaining "in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the Capitol and its grounds."  Ind. ¶ 80.  Mele is therefore not charged with specifically entering the Capitol Building.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that defendants' motions to dismiss Counts Five and Six be denied.

<div style="margin-left: 40%;">

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:        /s/
JASON M. MANNING
NY Bar No. 4578068
ANTHONY W. MARIANO
MA Bar No. 688559
Trial Attorneys, Detailees
601 D Street N.W.
Washington, DC 20530
(202) 514-6256
Jason.Manning@usdoj.gov
(202) 476-0319
Anthony.Mariano2@usdoj.gov

</div>