```
                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
THE UNITED STATES OF AMERICA,
                                         Criminal Action No.
            Plaintiff,                   1:21-cr-00392-RCL
                                         Friday, December 3, 2021
vs.                                      1:07 p.m.

ALAN HOSTETTER, et al.,

            Defendant(s).
- - - - - - - - - - - - - - - - x

_____

                 TRANSCRIPT OF STATUS CONFERENCE
         HELD BEFORE THE HONORABLE ROYCE C. LAMBERTH
                 UNITED STATES DISTRICT JUDGE
_____
APPEARANCES:

For the United States:      RISA BERKOWER, ESQ.
                            KATHERINE NIELSEN, ESQ.
                            UNITED STATES ATTORNEY'S OFFICE
                            555 4th Street, NW
                            Washington, DC 20530
                            (202) 252-6782
                            risa.berkower@usdoj.gov
                            katherine.nielsen@usdoj.gov

For Defendant Hostetter:    PRO SE

                            KARREN KENNEY, ESQ.
                            KENNEY LEGAL DEFENSE
                            2900 Bristol Street, Suite C204
                            Costa Mesa, CA 92626
                            (855) 505-5588
                            kenneylegaldefensecorp@gmail.com

For Defendant Taylor:       DYKE HUISH, ESQ.
                            LAW OFFICE OF DYKE HUISH
                            26161 Marguerite Parkway,
                            Suite B
                            Mission Viejo, CA 92692
                            (949) 257-3068
                            huishlaw@mac.com

(Continued on next page)
```

```
 1      APPEARANCES (Continued):

 2      For Defendant Warner:      KIRA ANNE WEST, ESQ.
                                   LAW OFFICE OF KIRA WEST
 3                                 712 H St, NE, Unit 509
                                   Washington, DC 20002
 4                                 (202) 236-2042
                                   kiraannewest@gmail.com
 5
        For Defendant Martinez:    NICHOLAS D. SMITH, ESQ.
 6                                 DAVID B. SMITH PLLC
                                   1123 Broadway
 7                                 Townsend Building
                                   Suite 909
 8                                 New York, NY 10010
                                   (917) 902-3869
 9                                 nds@davidbsmithpllc.com

10      For Defendant Kinnison:    NICOLAI COCIS, ESQ.
                                   LAW OFFICE OF NICOLAI COCIS
11                                 25026 Las Brisas Road
                                   Murrieta, CA 92562
12                                 (951) 695-1400
                                   nic@cocislaw.com
13
        For Defendant Mele:        STEVEN C. BAILEY, ESQ.
14                                 BAILEY & ROMERO LAW
                                   680 Placerville Drive, Suite A1
15                                 Placerville, CA 95667
                                   (530) 212-3407
16                                 steven@stevencbailey.org

17
        Court Reporter:            Lisa A. Moreira, RDR, CRR
18                                 Official Court Reporter
                                   U.S. Courthouse, Room 6718
19                                 333 Constitution Avenue, NW
                                   Washington, DC  20001
20                                 (202) 354-3187

21

22

23

24

25
```

|     |     |
| --- | --- |
| 1   | P R O C E E D I N G S |
| 2   | THE COURTROOM DEPUTY:  Your Honor, we're on the |
| 3   | record for Criminal Case 21-392, *United States of America* |
| 4   | *vs. Alan Hostetter, Russell Taylor, Erik Warner, Felipe* |
| 5   | *Martinez, Derek Kinnison, and Ronald Mele*.  Starting with |
| 6   | the government, please identify yourselves for the record. |
| 7   | MS. BERKOWER:  Good afternoon, Your Honor; Risa |
| 8   | Berkower for the government, and with me today is Katherine |
| 9   | Nielsen. |
| 10  | THE COURT:  Okay. |
| 11  | MR. COCIS:  Your Honor, Nick Cocis on behalf of |
| 12  | Mr. Kinnison, and Mr. Kinnison is here next to my right. |
| 13  | THE COURT:  Okay. |
| 14  | MR. HUISH:  Good afternoon; Dyke Huish on behalf |
| 15  | of Mr. Taylor.  He's online on the screen. |
| 16  | DEFENDANT TAYLOR:  Hello, Your Honor.  Good |
| 17  | morning.  This is Russ Taylor. |
| 18  | MR. BAILEY:  Steven Bailey on behalf of Ronald |
| 19  | Mele, who is on Zoom. |
| 20  | DEFENDANT MELE:  Hello, Your Honor. |
| 21  | THE COURT:  Okay. |
| 22  | DEFENDANT HOSTETTER:  Alan Hostetter appearing pro |
| 23  | se, and my advisory counsel, Karren Kenney, is also online, |
| 24  | sir. |
| 25  | MS. KENNEY:  Good morning, Your Honor. |

1          MR. SMITH:  And, Judge, you have Nick Smith on
2    behalf of Tony Martinez, who is on Zoom as well.
3          THE COURT:  Okay.
4          DEFENDANT MARTINEZ:  Good morning, Your Honor.
5          THE COURT:  Okay.  Good morning.
6          MS. WEST:  Good morning, Your Honor.  I'm Kira
7    Anne West.  I'm appearing on behalf of Mr. Erik Scott
8    Warner, who is present via videoconference.
9          DEFENDANT WARNER:  Good morning, Your Honor.
10         THE COURT:  Good morning.
11         Do we have everybody?  Okay.
12         Does the government want to give me an update on
13   where we are then?
14         MS. BERKOWER:  Yes, Your Honor.  The first thing I
15   would note for the Court is that a superseding indictment
16   was returned by the grand jury on Wednesday, and so I didn't
17   know if Your Honor wanted to proceed with rearraigning the
18   defendants on the superseding indictment.  There were
19   changes --
20         THE COURT:  Yes, I'll ask the clerk to do that
21   first then.
22         MS. BERKOWER:  All right.
23         THE COURTROOM DEPUTY:  Your Honor, let the record
24   reflect that a superseding indictment was filed on December
25   1, 2021.  It's an eight-count superseding indictment.

1                 The first count is 18 USC 1512(k), conspiracy to
2        obstruct an official proceeding.
3                 The second count is 18 USC 1512(c)(2) and 2,
4        obstruction of an official proceeding and aiding and
5        abetting.
6                 Count 3 is 18 USC 231(a)(3) and 2, obstruction of
7        law enforcement during civil disorder and aiding and
8        abetting.
9                 Count 4, 18 USC 1752(a)(1) and (b)(1)(A), entering
10       and remaining in a restricted building or grounds and
11       carrying a dangerous and deadly weapon.
12                Count 5 is 18 USC 1752(a)(2) and (b)(1)(A),
13       entering and remaining in a restricted building or grounds
14       and carrying a deadly and dangerous weapon.
15                Counts 7 and 8, which are out of order on the
16       indictment, but that is 18 USC 1512(c)(1), tampering with
17       documents or proceedings.
18                And the sixth count is 40 USC 5104(e)(1)(A),
19       unlawful possession of a dangerous weapon on Capitol grounds
20       and in buildings.
21                The first defendant, Mr. Alan Hostetter, was
22       charged in Counts 1, 2, and 4 and 5S.  How do you wish to
23       plea at this time, and do you wish to waive the formal
24       reading of the information -- I'm sorry, the indictment?
25                DEFENDANT HOSTETTER:  I plead not guilty, and I'll

```
 1    waive the reading.
 2              THE COURTROOM DEPUTY:  Okay.  And Defendant
 3    Russell Taylor was charged in Counts 1S through 6S.  How do
 4    you wish to plea, and do you wish to waive the formal
 5    reading?
 6              MR. HUISH:  On behalf of Mr. Taylor, we would
 7    enter a not guilty plea, and we would waive the formal
 8    reading.
 9              THE COURTROOM DEPUTY:  Thank you.
10              Defendant Warner was charged with 1S and 2S and 5S
11    through 4S and also the last count, 8S, which is -- and how
12    do you wish to plea at this time, and do you wish to waive
13    the formal reading?
14              MS. WEST:  Mr. Warner will enter a plea of not
15    guilty at this time, and we waive formal reading of the
16    indictment.
17              THE COURTROOM DEPUTY:  Defendant Martinez was
18    charged in Counts 1S through 2S and 4S through 5S.  How do
19    you wish to plead at this time, and do you wish to waive the
20    formal reading?
21              MR. SMITH:  On behalf of Defendant Martinez, we
22    waive the formal reading of the indictment and enter a plea
23    of not guilty.
24              THE COURTROOM DEPUTY:  And Mr. Kinnison was
25    charged in Counts 1S to 2S, 4S through 5S and Count 7S.  Do
```

```
 1    you wish to waive the formal reading, and how do you wish to
 2    plead at this time?
 3             MR. COCIS:  On behalf of Mr. Kinnison, we'll enter
 4    a plea of not guilty, and we'll waive reading of the
 5    indictment.
 6             THE COURT:  And as to the last defendant,
 7    Mr. Mele, he was charged in Counts 1S to 2S and 4S to 5S.
 8    How do you wish to plea at this time, and do you wish to
 9    waive the formal reading?
10             MR. BAILEY:  We will waive the formal reading and
11    enter a not guilty plea.
12             THE COURTROOM DEPUTY:  Thank you, Counsel.
13             THE COURT:  All right.  All defendants now having
14    been arraigned on the superseding, what does the government
15    have next?
16             MS. BERKOWER:  Yes, Your Honor, I can provide the
17    Court with an update on discovery since our last hearing.
18             The last hearing in this case was on October 4th.
19    Since that time the government has made four large
20    productions of case-specific material comprising
21    approximately 5,000 documents.  These were materials from
22    the FBI's case files concerning all six of the charged
23    defendants.
24             We also produced images of the defendants'
25    electronic devices except for those that are still
```

1    undergoing a review for privilege purposes.  I think the
2    productions -- the images of those devices is a little bit
3    contingent on counsel providing hard drives, but I believe
4    counsel's all been made aware of the need to provide a hard
5    drive, and I think most, if not all of those, have gone out.
6    Perhaps one of them has not gone out.
7            In addition to that, the government has also made
8    five productions from the global Capitol breach discovery.
9    Another tranche of that will be made available today.  And
10   the global discovery has been outlined in our memorandum
11   that we filed on October 25th of this year at ECF 81.
12           The global discovery, as explained in that
13   memorandum, is comprised of a large volume of different
14   kinds of materials relating to the incident at the Capitol
15   on January 6th, but in particular, including CCTV footage,
16   body-worn camera footage from the Metropolitan Police
17   Department, Secret Service CCTV footage, internal files from
18   different law enforcement agencies, radio runs from the
19   different law enforcement agencies that responded, and
20   materials obtained by the FBI across different January 6th
21   investigations, so not just the charged defendants but other
22   people charged in connection with that.  And all of that is
23   in the process of being made available through those global
24   productions, and, as I mentioned, an additional set of
25   material under that umbrella will be provided later today to

1     the defense.
2            With regard to -- so that is what we have done
3     since the last hearing.
4            With regard to what is still to come, as I
5     mentioned, there's still additional larger Capitol breach
6     discovery coming.  And for the case-specific discovery
7     that's still to come, we have the devices and privilege
8     review, of course, but we are also reviewing the FBI's files
9     that are related to this case, not necessarily the six
10    charged defendants but additional individuals and files
11    relating to additional individuals.  So we are continuing to
12    go through those and prepare those -- review those and
13    prepare them for production to the extent there's
14    discoverable material in those.
15           So based on what is still left to come, we are
16    requesting an additional 60 days to continue to provide
17    discovery in the case.  We would ask that the Court waive
18    the Speedy Trial Act under 18 USC Section 3161(h)(7)(A)
19    during that period on the ground that the government -- the
20    ends of justice will be served by the continuance, and they
21    outweigh the interest of the public and the defendants in a
22    speedy trial in order for the government to continue to
23    provide complete discovery to the defense as I outlined here
24    this morning and also in our October 25th memorandum.
25           THE COURT:  Okay.  I'll come back to Mr. Hostetter

1     last.
2                Mr. Taylor's attorney can start first then.
3                MR. HUISH:  Your Honor, I have no objection.  The
4     government has been very prompt and courteous and direct in
5     their discovery, so we have no issues.  I was actually
6     recommending a little more time of February 25th, but
7     February 4th will be fine if that's what the Court requires
8     of us, of course.
9                THE COURT:  All right.  Mr. Warner's attorney,
10    Ms. West?
11               MS. WEST:  Yes, Your Honor.  Good afternoon.  I
12    agree with the prosecutor, and she has answered -- both of
13    them answered all my questions, and we also agree with the
14    60 days.
15               THE COURT:  Okay.  Mr. Smith on behalf of
16    Mr. Martinez?
17               MR. SMITH:  Your Honor, Mr. Martinez has no
18    objection to the 60-day continuance under the Speedy Trial
19    Act.
20               THE COURT:  Mr. Cocis on behalf of Mr. Kinnison?
21               MR. COCIS:  On behalf of Mr. Kinnison, we don't
22    object to the continuance.
23               THE COURT:  Okay.  And Mr. Bailey on behalf of
24    Mr. Mele?
25               MR. BAILEY:  We don't object to the continuance.

1            THE COURT:  Okay.  Mr. Mele, I like your Christmas
2    tree.  Can I say that?
3            Okay.  Mr. Hostetter, I have two issues for you.
4    One is I don't have -- I had ordered you to provide an
5    address and email for the public record, and I don't have
6    that yet; so that needs to be done by Monday because that
7    has to be -- since you're proceeding pro se, I need to have
8    that in the public record so that things can be served on
9    you at an address since you're proceeding pro se, although
10   you have advisory counsel.  Since you're pro se, we've got
11   to have a public record of how to serve and send things to
12   you.
13           Actually, you have a filing deadline, I think, of
14   Monday.  Are you still on track for that for your motions?
15           DEFENDANT HOSTETTER:  Yes, sir.  I'll have a
16   motion to dismiss and a motion to sever to you by Monday.
17           THE COURT:  Okay.  Fine.  So we don't need to hear
18   anything else on your schedule today.  Do you have any
19   issues you want to raise today?
20           DEFENDANT HOSTETTER:  No, other than I'm not
21   planning on waiving the time at the government's request,
22   and I'm hoping that you will have time -- you'll review
23   my motions and then have time to make a decision on the
24   motions --
25           THE COURT:  I'll consult with the government and

```
 1    you to talk about how we're going to set a schedule.  I
 2    don't know if after we see your motion and after the
 3    government sees it to see if they wanted to have some input
 4    into how to set a schedule on that; because after I look at
 5    them, they will look them over.
 6               DEFENDANT HOSTETTER:  Yes, sir.  That was the only
 7    thing I had.  I'm sorry, I couldn't hear that last part of
 8    what you said.
 9               THE COURT:  I thought that would make most sense,
10    to see what it is you file first before I tried to set a
11    schedule.
12               DEFENDANT HOSTETTER:  Yes, Your Honor, whatever
13    you feel is best.  I'm all for that.
14               THE COURT:  Okay.  Let me look at the date for...
15               I think -- how about 1:15 on February 4th?  Does
16    that work for everybody?
17               MR. COCIS:  Yes, Your Honor.
18               MS. BERKOWER:  That works for the government.
19               MR. SMITH:  Yes, Your Honor.
20               MR. HUISH:  Yes on behalf of Mr. Taylor.
21               MR. BAILEY:  And Mr. Mele.
22               MS. WEST:  On behalf of Mr. Warner, yes, it does,
23    Your Honor.
24               MR. SMITH:  And, Your Honor, for Mr. Martinez.
25               THE COURT:  All right.  I'll find that it's in the
```

1  interests of justice for all defendants to appear for a
2  status and waive speedy trial except as to Alan Hostetter on
3  February 4th at 1:15.
4      I will also include Mr. Hostetter in the February
5  4th at 1:15, but I expect to also have another status with
6  Mr. Hostetter regarding his motion schedule prior to that
7  time.  As well, once he's filed his motion, I'll talk to the
8  government about a schedule.  But in any event, I would
9  still want to have him in the February 4th status as well.
10      Is that date available to you, Mr. Hostetter?
11      DEFENDANT HOSTETTER:  Yes, sir, it is.
12      THE COURT:  And your advisory counsel?
13      MS. KENNEY:  Yes, Your Honor.
14      THE COURT:  Okay.
15      All right.  Based on that, I'll see you all on
16  February 4th at 1:15 by video again, and in the meantime I
17  will see the government counsel and Mr. Hostetter once he's
18  filed his motion.
19      MS. BERKOWER:  Your Honor, I just wanted to file
20  one point of clarification.  It was our understanding at the
21  last hearing that time was excluded for Mr. Hostetter to get
22  acquainted with the discovery up until the deadline --
23      THE COURT:  Once he files his motion, then it will
24  be tolled by the motion.
25      MS. BERKOWER:  All right.  Thank you for

1   clarifying that, Your Honor.
2            THE COURT:  He asked for a time to file the motion
3   for Monday, which I granted.  And I could grant him more
4   time now, but he says he's ready.
5            MS. BERKOWER:  Thank you, Your Honor.
6            THE COURT:  All right.  Thank you very much,
7   Counsel.  Have a nice weekend.
8                 (Whereupon the hearing was
9                 concluded at 1:22 p.m.)
10              **CERTIFICATE OF OFFICIAL COURT REPORTER**
11
12            I, LISA A. MOREIRA, RDR, CRR, do hereby
13   certify that the above and foregoing constitutes a true and
14   accurate transcript of my stenographic notes and is a full,
15   true and complete transcript of the proceedings to the best
16   of my ability.
17      **NOTE:**  This hearing was held remotely by Zoom or some
18   other virtual platform and is subject to the technological
19   limitations of court reporting remotely.
20                 Dated this 12th day of May, 2023.
21
22
23                           /s/Lisa A. Moreira, RDR, CRR
                             Official Court Reporter
                             United States Courthouse
24                           Room 6718
                             333 Constitution Avenue, NW
25                           Washington, DC 20001