IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA             Criminal Action No. 21-CR-392-RCL

v.

RONALD MELE

        Defendant.

---

**DEFENDANT'S *IN LIMINE* MOTION TO EXCLUDE ANY REFERENCE OR EVIDENCE THAT THE DEFENDANT POSSESSED A FIREARM ON HIS PERSON ON JAN 6. IN WASHINGTON D.C.**

---

### I. Introduction

Defendant, Ronald Mele, through counsel, hereby moves for an order prohibiting the government from using certain evidence at trial.

Specifically, the defendant seeks an order that:

- Exclude any reference or evidence of possession of a firearm in Washington D.C.

The defendant has been charged by superseding indictment for his participation in the "*stop the steal* march at the Capitol grounds on January 6, 2021. The defendant's trial is scheduled for October 12, 2023.

### II. Procedural History

The superseding indictment charges the defendant with conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k) (Count One); obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count Two); entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Four); and disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2)

(Count Five).

### III. ARGUMENT

#### A. RELEVANCE

In making this determination, the court must consider whether the evidence has any tendency to make a fact more or less probable than it would be without the evidence and whether the fact is of consequence in determining the action. Fed.R.Evid. 401.

In the defendant's case, the government has not charged the defendant with any weapons violations relating to January 6, 2021. The government may attempt to try to include such evidence in order to have the jury infer that only bad people have firearms and therefore the defendant is a bad person and is therefore guilty.

#### B. PREJUDICIAL (NO EVIDENCE THAT DEFENDANT POSSESSED A WEAPON ON HIS PERSON ON JAN 6), CONFUSION OF ISSUES, WASTE OF TIME

Under Fed R. Evid. Evid 403, although evidence may be relevant, it still may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. In the defendant's case, the government has no evidence that the defendant had a firearm on his person on Jan 6, 2021.

#### C. CHARACTER EVIDENCE

Fed R. Evid. 404(b) excludes extrinsic to the crime charged, in the defendant's case, the defendant is not charged with firearms violations and therefore any mention of firearms should be excluded.

### IV. Notice of motion to join in motions in limine filed by co-defendants.

Defendant hereby joins and adopts the factual and legal arguments raised by his co-defendants, incorporating by reference the arguments and case law cited in their motions. To the extent that the motions are fact-specific to those defendants, the legal analysis nonetheless applies to the defendant.

## IV. Conclusion

Accordingly, the defendant requests the Court to order that:

- Exclude any reference or evidence that the defendant possessed a firearm on his person on Jan 6. in Washington D.C.

Respectfully Submitted,

/s/Steven C. Bailey
STEVEN C BAILEY
Attorney for defendant
2535 Kettner Blvd 2A1
San Diego CA., 93101
Tel: (530) 409 0027
steven@baileyandromerolaw.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Clerk of Court for filing and service on all interested parties on this 18 day of August 2023.

Respectfully submitted,

/s/ Steven C. Bailey
Steven C. Bailey SBN 146382
2535 Kettner Blvd Suit A1
San Diego, CA 92101
Phone (530) 212 3407
Steven@baileyandromerolaw.net