### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 21-CR-392-RCL** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIK SCOTT WARNER,** | : | |
| **FELIPE ANTONIO "TONY"** | : | |
| **MARTINEZ,** | : | |
| **DEREK KINNISON, and** | : | |
| **RONALD MELE,** | : | |
| | : | |
| **Defendants.** | : | |

### UNITED STATES' REPLY IN SUPPORT OF
### ITS OMNIBUS MOTIONS *IN LIMINE*

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply in support of its omnibus motions *in limine*, *see* ECF No. 292.

**I.     The Defendants Should Be Precluded from Raising a First Amendment Defense to the Jury**

In its omnibus filing, the United States moved *in limine* to preclude the defendants from arguing to the jury that their conduct was protected by the First Amendment. *See* ECF No. 292 at 21–22. Defendant Mele and Defendant Martinez have filed oppositions to this motion. *See* ECF No. 307 at 2; ECF No. 311 at 12–14. Defendant Mele offers a four-sentence opposition, arguing, "The First Amendment also protects the right to seek redress of grievances, which the government conveniently forgot to mention, and the capitol grounds have a long history as s[sic] public forum for citizens to express their views without the fear of being prosecuted for it, which is exactly the case here." ECF No. 307 at 2. Defendant Martinez makes a similar argument: "The Capitol

1

Grounds and steps are a public forum and nonviolent protest in support of a political cause is conduct protected by the First Amendment."  ECF No. 311 at 13.

The defendants are incorrect about the status of the Capitol grounds on January 6 as a matter of law, and they are incorrect that the defendants are entitled to a First Amendment defense—or that they are entitled to argue the First Amendment to the jury—as a matter of both law and fact.  The Court should preclude both arguments as the United States argued in its motion *in limine*.

Courts have generally recognized the right to a First Amendment defense only in cases where words form the *actus reus* of the offense.  *See United States v. Freeman*, 761 F.2d 549, 551–52 (9th Cir. 1985) (soliciting a violation of the tax code at seminars); *United States v. Fleschner*, 98 F.3d 155, 158 (4th Cir. 1996) ("A First Amendment defense is warranted if there is evidence that the speaker's purpose or words are mere abstract teaching of the moral propriety of opposition to the income tax law."); *United States v. Clement*, 738 F.3d 1, 8–9 (1st Cir. 2013) (upholding instruction defining "threat" in a threats case to ensure the jury did not convict for First-Amendment-protected words); *United States v. White*, 698 F.3d 1005, 1019–20 (7th Cir. 2012) (solicitation to commit a crime of violence).  That is not the case here, as none of the defendants' charged offenses are crimes that punish speech, such as threats or solicitation.  The defendants have not cited any case requiring a First Amendment defense where the defendants' words do not form the *actus reus* of the offense.

### A. Because the Capitol Grounds Were Restricted on January 6, There Was No Right To Protest There

The defendants' arguments make clear their goal to argue to the jury that the Capitol grounds are a public forum, and that nonviolent conduct in such a location cannot be criminalized.  *See* ECF No. 307 at 2; ECF No 311 at 13.   Although the defendants are correct that the Capitol

grounds are usually a public forum, *see Jeannette Rankin Brigade v. Chief of Capitol Police*, 342 F. Supp. 575 (D.D.C. 1972) (three-judge panel) *sum. aff'd*, 409 U.S. 972 (1972), the defendants' argument ignores—or intentionally obscures—the reality that a portion of the Capitol grounds were closed and restricted on January 6, 2021.  The government can—and did on January 6— restrict an area that is a traditional public forum for legitimate government ends.  *See Mahoney v. U.S. Marshals Service*, 454 F. Supp. 2d 21, 32–33 (D.D.C. 2006) (Lamberth, J.) (U.S. Marshals Service did not violate First Amendment by restricting access to sidewalk in front of St. Matthew's Cathedral for Red Mass, even though sidewalk was a traditional public forum).  The restricted perimeter set up by law enforcement on January 6, 2021, was temporary and driven by the need to protect the members of Congress and the Vice President who would be conducting the certification inside the Capitol building.

If the defendant's theory that "nonviolent protests outside the Capitol," ECF No. 311 at 13, are always permitted, access to the Capitol grounds could not be restricted even, for example, for Presidential Inaugurations.  Such a result defies all logic, and courts unsurprisingly have upheld temporary closures of traditional public fora for safety reasons.  *See Mahoney*, 454 F. Supp. 2d at 32–33 ("Common sense dictates that when prominent judges, government officials, foreign dignitaries, Supreme Court Justices, and occasionally the President attend an event in a confined area in downtown Washington, D.C., along with a thousand members of the general public, the risk that there will be violence or other disruption is very real."); *Menotti v. City of Seattle*, 409 F.3d 1113, 1129–30 (9th Cir. 2005) (finding that an emergency order closing a core area of downtown Seattle to protests during World Trade Organization conference was constitutional in part because its purpose was to maintain and restore civic order); *Marcavage v. City of New York*, 489 F.3d 98, 105 (2d Cir. 2012) ("[T]here can be no doubting the substantial government interest

in the maintenance of security at political conventions."); *Citizens for Peace in Space v. City of Colorado Springs*, 477 F.3d 1212, 1222 (10th Cir. 2007) ("In this case, there can be no doubt that the City's interest in providing security to a gathering of defense officials is of the highest order."); *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 11 (1st Cir. 2004) (upholding a street-closure plan around the Democratic National Convention that made it nearly impossible for groups wishing to demonstrate to do so within sight and sound of the delegates). On January 6, 2021, the United States Capitol Police and the United States Secret Service coordinated to establish a restricted perimeter around the Capitol building that encompassed a portion of the Capitol grounds. No member of the public, including the defendants, had a First Amendment right to engage in protest or speech, or to seek redress of grievances, within that restricted area.

The defendants chose to ignore the restricted perimeter on January 6, 2021, and they clearly seek to continue to disregard it, before the jury, by claiming a First Amendment right to be in the restricted area. The Court should prevent the defendants from misleading the jury by making arguments about the Capitol grounds being a public forum, or by arguing that their conduct was protected by the First Amendment.

**B.  The Defendants Are Not Entitled to a First Amendment Defense**

Because the Section 1512 offenses with which the defendants are charged do not punish speech, they are not entitled to any First Amendment defense. For the defendants to be convicted of Obstruction of an Official Proceeding under 18 U.S.C. § 1512(c)(2), the United States will need to prove beyond a reasonable doubt that the defendants acted "corruptly," that is by using independently unlawful means or with an unlawful purpose, or both. *See* ECF No. 248 at 8 (United States proposed legal instructions in the *Hostetter* case); ECF No. 275 at 1 (the Court's adoption of those instructions in *Hostetter*). Similarly, Section 1512(k), which charges Conspiracy To

Obstruct an Official Proceeding, gets the defendants no closer to a cognizable First Amendment defense, because, as with Section 1512(c)(2), that statute does not punish speech itself, and Section 1512(k) has the same requirement that the defendant acted corruptly, as defined above.

The defendants' trespassing on Capitol grounds is independently unlawful and satisfies the "corruptly" element of both charges.  *See* 18 U.S.C. § 1752(a)(1).  In other words, with respect to Sections 1512(c)(2) and 1512(k), the defendants' actions on January 6th were contrary to law from the moment they crossed into the restricted area and onto the Capitol grounds, regardless of what conduct they engaged in on those grounds.  It was unlawful for any unauthorized person to enter the Capitol grounds on January 6, 2021, whether to protest or for any other reason.  No case cited by the defendants—and no case of which the United States is aware—stands for the proposition that the First Amendment protects the right to cross lawfully erected police lines to then, once on Capitol grounds, engage in protest, as the defendants' argument suggests.

The jury will be instructed that it must find beyond a reasonable doubt that the defendants acted corruptly, in the case of Section 1512(c)(2), and agreed to act corruptly, in the case of Section 1512(k).  The defendants are free to argue that the United States has not met its burden to prove those elements at trial.  If the jury does not find that the defendants acted with the intents laid out above, it will be instructed to acquit the defendants of those charges.  Conversely, if the jury finds that the defendants formed these agreements with the requisite intent, the First Amendment provides no defense for their conduct.  Any argument on the First Amendment is thus irrelevant, and the defendants are consequently not entitled to argue any such defense to the jury.  They are certainly not entitled to argue that because the Capitol grounds are usually a public forum,

that any actions (nonviolent or not) they took on January 6, 2021, when the grounds were closed to the public, were protected by the First Amendment.[1]

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that the Court grant the requested relief or, if the Court reserves ruling, to consider the above arguments when the relevant issues arise during trial.

Date: August 25, 2023

<div style="margin-left: 40%;">

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:     */s/ Anthony W. Mariano*
ANTHONY W. MARIANO, MA Bar No. 688559
JASON M. MANNING, NY Bar No. 4578068
Trial Attorneys, Detailees

</div>

---

[1] Defendant Martinez claims that, "[i]n the Proud Boys trial, involving virtually identical charges, the Court denied an identical government motion and then granted the defendants' request for jury instructions on the First Amendment."  ECF No. 311 at 12.  He claims, "the defendants raised First Amendment defenses in closing argument based on the instructions."  *Id.* at 13.  As an initial matter, the charges in this case as not "virtually identical" to the charges in the Proud Boys case, which involved Seditious Conspiracy charges, 18 U.S.C. § 2384.  Moreover, the jury instructions Defendant Martinez cited do not provide for a First Amendment defense.  Rather than allowing for a First Amendment defense, at a December 14, 2022 motions hearing, Judge Kelly explained:

> It seems to me defendants can obviously say, if they would like, that all they planned to do on January 6th was peacefully protest outside the Capitol.  And I'm not going to -- I think it's fine if counsel tells the jury in their openings, if they would like -- if they like, that the First Amendment would generally protect such activity, as long as they don't suggest that, for example, planning to move in a restricted area would be protected by the First Amendment.  That's not, though, really, a First Amendment defense.  In other words, it's not something that would require an acquittal if the Government otherwise proved up all the elements of the charged offenses.

*United States v. Nordean*, 21-cr-175 (TJK) (D.D.C. 2021), ECF No. 594, at 39–40.

Capitol Siege Section
United States Attorney's Office
for the District of Columbia
601 D Street N.W.
Washington, D.C. 20530
(202) 476-0319
Anthony.Mariano2@usdoj.gov
(202) 514-6256
Jason.Manning@usdoj.gov