# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 21-CR-392-RCL** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIK SCOTT WARNER,** | : | |
| **FELIPE ANTONIO "TONY"** | : | |
| **MARTINEZ,** | : | |
| **DEREK KINNISON, and** | : | |
| **RONALD MELE,** | : | |
| | : | |
| **Defendants.** | : | |

## JOINT PRETRIAL STATEMENT

Pursuant to this Court's Pretrial Scheduling Order of May 11, 2023 (ECF No. 208), the parties submit the attached pretrial statement. This filing includes (1) a neutral statement of the case, (2) proposed jury voir dire questions; (3) proposed jury instructions, (4) the parties' witness lists, (5)s the parties' preliminary exhibit lists, (6) stipulations, and (7) a proposed verdict form. For ease of reference, the parties' preliminary exhibit lists and stipulations are filed as attachments to this filing.

Exhibit lists are not being submitted at this time by Defendants Martinez or Kinnison. Defendant Martinez states: As discussed between the parties, the scheduling order contemplates exhibits presented in a party's case in chief. Martinez will not raise an affirmative defense. To the extent Martinez calls witnesses, he will promptly provide a list of exhibits introduced through those witnesses. Defendant Kinnison states: Kinnison does not intend on raising on affirmative defense. Defendant Mele states: "I am still reviewing discovery so I will not be providing any additional exhibits other than 2 videos, composed of photos from my clients phone and or government discovered video/photograph from Mr. Mele's trip to Washington and time in Washington, D.C. on January 6th." Defendant Warner has submitted his draft exhibit list.

The parties note, with respect to stipulations, that additional stipulations are expected as the parties exchange and review their preliminary exhibit lists.[1]

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   */s/ Anthony W. Mariano*
ANTHONY W. MARIANO
MA Bar No. 688559
JASON M. MANNING
NY Bar No. 4578068
Trial Attorneys, Detailees
Capitol Siege Section
United States Attorney's Office
for the District of Columbia
601 D Street N.W.
Washington, D.C. 20530
(202) 476-0319
Anthony.Mariano2@usdoj.gov
(202) 514-6256
Jason.Manning@usdoj.gov

***Counsel for the United States***

By:   /s/
Kira Anne West
DC Bar No. 993523
712  H Street N.E., Unit  509
Washington, D.C.  20002
Phone:  202-236-2042
kiraannewest@gmail.com

***Counsel for Defendant Erik Scott Warner***

/s/ Nicholas D. Smith

---

[1] The United States did not receive a signature block or authorization to sign the joint filing from counsel for Defendant Mele.  At the time of filing, counsel for Defendant Mele did not provide his express agreement to the proposal below regarding proposed jury voir dire questions or the proposed verdict form.  With those exceptions, the United States understands the parties to have reached an agreement on the content of this filing.

Nicholas D. Smith (D.C. Bar No. 1029802)
1123 Broadway, Suite 909
New York, NY 10010
Phone: (917) 902-3869
nds@davidbsmithpllc.com

***Counsel for Defendant Felipe Antonio "Tony" Martinez***

/s/ Nicolai Cocis
Nicolai Cocis
Law Office of Nicolai Cocis
25026 Las Brisas Rd.
Murrieta, CA 92562
Tel: (951) 695-1400

***Counsel for Defendant Derek Kinnison***

3

| | |
|---|---|
| **UNITED STATES OF AMERICA** | :    **CRIMINAL NO.: 21-CR-392-RCL** |
| | : |
| **v.** | : |
| | : |
| **ERIK SCOTT WARNER,** | : |
| **FELIPE ANTONIO "TONY"** | : |
| **MARTINEZ,** | : |
| **DEREK KINNISON, and** | : |
| **RONALD MELE,** | : |
| | : |
| **Defendants.** | : |

## PROPOSED STATEMENT OF THE CASE

This is a criminal case, in which the defendants, Erik Scott Warner, Felipe Antonio "Tony" Martinez, Derek Kinnison, and Ronald Mele, are charged with actions arising from the riot at the U.S. Capitol on January 6, 2021. The United States alleges that the defendants conspired to obstruct the Congressional proceeding being held at the U.S. Capitol on January 6, 2021; that the defendants did in fact obstruct the Congressional proceeding; that the defendants entered and remained in a restricted area on January 6, 2021, without lawful authority to do so; and that the defendants engaged in disorderly or disruptive conduct in the restricted area. The United States additionally alleges that two of the defendants, Erik Scott Warner and Derek Kinnison, obstructed justice after January 6, 2021, by deleting evidence from their cell phones. The defendants have pleaded not guilty to all the charges. Mr. Warner denies the allegations in all counts of the indictment.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 21-CR-392-RCL** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIK SCOTT WARNER,** | : | |
| **FELIPE ANTONIO "TONY"** | : | |
| **MARTINEZ,** | : | |
| **DEREK KINNISON, and** | : | |
| **RONALD MELE,** | : | |
| | : | |
| **Defendants.** | : | |

**PROPOSED VOIR DIRE QUESTIONS**

**Questions Addressed to the Full Venire**

1. Having now heard a brief description of the case, do you know, or have you heard, anything about this specific case?

2. The United States in this case is represented by Trial Attorneys Anthony Mariano and Jason Manning, who will be accompanied by paralegal Brittany Sheff and FBI Special Agents Eric Johnson and Jessica Salo. Defendant Erik Scott Warner is represented by Kira Anne West and Nicole Cubbage. Mr. Warner is from Corona, CA. Defendant Felipe Antonio "Tony" Martinez is represented by Nicholas Smith. Mr. Martinez is from Lake Elsinore, CA. Defendant Derek Kinnison is represented by Nicolai Cocis. Mr. Kinnison is from Lake Elsinore, CA. Defendant Ronald Mele is represented by Steven Bailey. Mr. Mele is from Temecula, CA. Do you know any of these individuals?

3. [Each side will introduce its witnesses by name, general area of residence, and/or employment.] Do you know any of the witnesses who have been introduced to you?

4. Do you recognize any other member of the jury panel, any court staff, or me?

The next six questions relate to you, members of your immediate family, and close personal friends:

5.   Does anyone in that group now work for, or has anyone in that group ever worked for, any law-enforcement agency?  This includes any police department in or outside the District, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, Park Police, FBI, Department of Justice, Homeland Security, sheriffs' departments, U.S. Secret Service, or any other law-enforcement agency.

6.   Has any member of that group ever served in the military?

7.   Has any member of that group ever been a part of a militia organization that is not a part of the United States Armed Forced?

8.   Has any member of that group ever gone to law school, worked as a lawyer, or worked in a law office?

9.   Has any member of that group ever been arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?

10. Does any member of that group live or work in or near the U.S. Capitol?

> **<u>DEFENSE OBJECTION: The defendants submit that "you, members of your immediate family, and close personal friends" should be repeated in each of questions 5–10, rather than just "in that group."</u>**

The next set of questions relate just to you:

11. Let me tell you the likely schedule.  Today is Thursday, October 12.  Following the completion of jury selection, you will likely hear evidence in the case every day from 9:30 am to 5:00 pm each day, with a lunch break from 12:30 pm to 1:45 pm each weekday.  We expect the trial could last approximately two weeks; it could be a bit shorter or a bit longer.  When the trial is over, I will ask you to deliberate.  Once you begin deliberating, I do not know how long your

deliberations will last.  But you will not meet past 5:00 pm, and you will not meet on weekends. Knowing this schedule, would serving as a juror in this case be an extreme hardship to you?

12. Do you have a health or physical problem that would make it difficult to serve on this jury?

13. Do you have any difficulty reading, speaking, or understanding English?

14. Do you have any trouble seeing or hearing?

15. Do you have trouble paying attention for long periods of time?

16. Have any of you had an experience as a member of a grand jury or as a juror in a previous trial?

17. Have you had an experience as a juror in a previous trial that would affect your ability to be a fair juror in this trial?

18. I will be instructing the jury at the end of this trial that the testimony of a law enforcement witness should be treated the same as testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a law enforcement witness.  Is there any reason you would not be able to follow that instruction?

19. If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose.  That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, googling this case, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites.  Do you have any reservations or concerns about your ability or willingness to follow this instruction?

20. Under certain circumstances, the government can obtain authorization from a judge to search a premises or electronic media to obtain evidence including, but not limited to, emails, text

messages, video recordings, letters, financial information and other materials or information.  I will instruct you that any evidence that is presented to you at trial was obtained legally and you can consider it.  Do you have concerns about your ability to follow this instruction?

**DEFENSE OBJECTION: The defendants oppose this question.**

21.  Jurors are the sole judges of the facts.  However, the jury must follow the principles of law as instructed by the judge.  The jury may not follow some rules of law and ignore others.  Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them.  Do you have any personal beliefs that would make it difficult to follow the Court's instructions on the law, whatever they may be?

22.  Have you had any unpleasant experiences with the police, a prosecutor, or other law enforcement, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial?  Have you had any unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial?

23. Do you live or work at or near the U.S. Capitol?

24. Have you ever worked at or neat the U.S. Capitol?

25. Were you at or near the U.S. Capitol on January 6, 2021?

26. Do you or someone close to you have any personal or professional connection to events at the U.S. Capitol on January 6, 2021?

27. Have you ever any watched video of what happened at the U.S. Capitol on January 6, 2021 on the news or on the Internet?

28. Have you read, seen or heard anything about the Three Percenters?

29. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021,

and any opinions you might have formed about those events, would you have any difficulty setting your opinions aside and deciding this case in a fair and impartial manner based solely on the evidence presented in this court?

30. As you sit here, do you have an opinion about the defendants' guilt or innocence in this case?

31. There are a few key principles of law that govern every criminal trial: (i) the defendants are presumed to be innocent, (ii) the defendants have the right to remain silent, and if they chose not to testify, this cannot be held against them, (iii) the defendants have no burden whatsoever to establish their innocence, and (iv) the government has the burden of proving its case beyond a reasonable doubt.  Do you disagree with any of these principles?

32. My final question is a "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror.  Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair.  In sum, is there some other reason that would make it difficult for you to sit as a fair, impartial, and attentive juror in this particular case?

**<u>Individual Voir Dire by the Court</u>**

After the Court reads the above questions to the full venire, the parties respectfully request that the Court conduct individual voir dire, both to follow up on any "yes" answers each juror gave to those questions, and to obtain a limited amount of background information about the juror.  The parties jointly request that the Court generally follow up on "yes" responses to the above questions.

The parties also respectfully request that the Court ask the following background

questions of each juror during individual voir dire:

1. How long have you lived in the District of Columbia?

2. What is the highest level of school you completed?

3. What is your marital status?

4. Do you have children or step-children?  If so, how many, and what are their ages?

5. What is your current occupation?

    a.  How long have you been at this job?

    b.  What is your current role at work?

    c.  Does your role include supervisory duties?

    d.  If you have a spouse or partner, what is their occupation?

**Attorney Conducted Follow-Up Questions**

The parties respectfully request that, following the Court's individual voir dire, each party be permitted to ask additional follow-up questions of the prospective jurors.

**DEFENSE PROPOSED ADDITIONAL QUESTIONS**

32. Have you ever worked at the Capitol, been an intern at the Capitol, or know anyone who has? What is your relationship with that person?

    **GOVERNMENT OBJECTION: The government opposes this question, as questions 10 and 23–25 are adequate to cover this topic.**

33. Do you have any strong opinions about the 2020 Presidential Election that would make it difficult for you to be a fair and impartial juror in this case?

34. Do you have any strong opinions about any aspect of the events that occurred at the United States Capitol on January 6, 2021 that would affect your ability to be a fair and impartial juror in this case?

**GOVERNMENT OBJECTION: The government opposes questions 34 and 35, as questions 26–27 and 29–31 are adequate to cover this topic.**

35. Did you have a concern for the safety of yourself or a close friend or family member on January 6, 2021, due to your or their proximity to the Capitol?

> **GOVERNMENT OBJECTION: The government opposes this question, as questions 10 and 23–25 are adequate to cover this topic.**

36. Do you believe that protesters who entered the Capitol Grounds on January 6, 2021 are guilty of a crime for that reason?

> **GOVERNMENT OBJECTION: The government opposes this question, as questions 26–27 and 29–31 are adequate to cover this topic.**

37. Do you have strong feelings about firearms or the laws concerning firearms that would make it difficult to be a fair and impartial juror in this case?

> **GOVERNMENT OBJECTION: The government opposes this question, but proposes instead: "Do you have such strong feelings about firearms or the laws concerning firearms that it would prevent you from being a fair and impartial juror in this case?**

38. Do you understand that it is legal to own and carry a firearm in California and to carry one across state lines.

> **GOVERNMENT OBJECTION: The government opposes this question as improperly instructing and seeking to influence the jury. The government submits that its proposed alternate language for question 37 is sufficient.**

39. Do you find any difficulty in understanding how iCloud works? Do you share the cloud with any members of your immediate family?

40. Do you share your cloud storage account with anyone else?

> **GOVERNMENT OBJECTION: The government opposes questions 39–40 as inappropriately seeking to influence the jury. The jury will need to make a decision based on the facts presented at trial, not any independent use of or knowledge of particular technology.**

41. Have you attended a BLM rally?

42. Have you ever placed a "BLM" sign in your yard? On your car? Have you visited BLM plaza in DC? If so, when and why.

    **GOVERNMENT OBJECTION: The government opposes questions 41–42 as inappropriately probing the jurors' politics.**

43. Do you have any objections to individuals' First Amendment right to protest even when you disagree with the message?

44. Would you object if there is evidence that one of the defendants yelled at police officers during the protest?

    **GOVERNMENT OBJECTION: The government opposes questions 43–44. The defendants' right to protest is not at issue in this case, as discussed in the United States's Omnibus Motions *in Limine*.  ECF No. 292, at 19–22.**

45. Have you ever heard of sedition hunters? Opal Katz? Where's Waldo J6 podcast-do you listen to that podcast or any others about J6? Ever heard of Oreo Express?

    **GOVERNMENT OBJECTION: The government opposes this question, as questions 26–27 and 29–31 are adequate to cover this topic.**

46. Do you have a personal attachment to the United States Capitol Building such that you would be unable to be fair in your assessment of a person who entered it?

    **GOVERNMENT OBJECTION: The government opposes this question, as questions 10 and 23–25 are adequate to cover this topic.**

47. Evidence may be presented that some of the defendants legally possessed firearms. Will this, in any way, affect your ability to be fair and impartial when deciding the case against the defendants, even if the evidence shows that a defendant legally possessed a firearm in his home state of California or legally possessed it elsewhere?

    **GOVERNMENT OBJECTION: The government opposes this question. Whether the defendants' possession of firearms in Washington, D.C. was lawful is disputed by the parties.  The government submits that its proposed alternate language for question 37 is sufficient.**

48. You may hear testimony that one or more of the defendants possessed bear spray. While it is legal to possess certain types of bear spray, do you have any objections to anyone carrying it?

> **GOVERNMENT OBJECTION: The government opposes this question.  The question improperly suggests that carrying bear spray on Capitol grounds was lawful, which the government disputes.**

49. Do you own an iphone? Do you have an icloud account? Do you know how to use it.

50. Do you utilize the Telegram messaging application? If not, have you ever utilized it?

> **GOVERNMENT OBJECTION: The government opposes questions 49–50 are inappropriately seeking to influence the jury.  The jury will need to make a decision based on the facts presented at trial, not any independent use of or knowledge of particular technology.**

51. Have you ever worked for an elected politician? Run a political campaign?

> **GOVERNMENT OBJECTION: The government opposes this question as inappropriately probing the jurors' politics.**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 21-CR-392-RCL |
| | : | |
| v. | : | |
| | : | |
| ERIK SCOTT WARNER, | : | |
| FELIPE ANTONIO "TONY" | : | |
| MARTINEZ, | : | |
| DEREK KINNISON, and | : | |
| RONALD MELE, | : | |
| | : | |
| Defendants. | : | |

**JOINT PROPOSED JURY INSTRUCTIONS**[2]

The parties request the following jury instructions.

**A.    Jointly Proposed Jury Instructions**

**I.    Instructions Before and During Trial**

The parties have no objection to the Pattern Criminal Jury Instructions for the District of

Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

**II.    Final Instructions**

1.    Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2.    Function of the Court, Redbook 2.101

3.    Function of the Jury, Redbook 2.102

4.    Jury's Recollection Controls, Redbook 2.103

---

[2] Counsel for Mr. Warner has stated that she "may tweak some of these instructions with the court's permission."  The United States notes that—months ago—the parties negotiated a proposed scheduling order, which they jointly filed with the Court, and which the Court entered, setting September 22, 2023 are the deadline for the parties joint submission on these topics.  ECF No. 208.  The United States provided its proposed instructions to defendants a week prior to this deadline.

5.      Notetaking by Jurors, Redbook 1.105B

6.      Evidence in the Case, Redbook 2.104

7.      Statements of Counsel, Redbook 2.105

8.      Indictment Not Evidence, Redbook 2.106

9.      Burden of Proof, Redbook 2.107

10.     Reasonable Doubt, Redbook 2.108

11.     Direct and Circumstantial Evidence, Redbook 2.109

12.     Nature of Charges Not to Be Considered, Redbook 2.110

13.     Number of Witnesses, Redbook 2.111

14.     Inadmissible and Stricken Evidence, Redbook 2.112

15.     Credibility of Witnesses, Redbook 2.200

16.     Witness with a Plea Agreement, Redbook 2.203, *as applicable*

17.     Police Officer's Testimony, Redbook 2.207

18.     Right of Defendant Not to Testify, Redbook 2.208 and/*or* Defendant as Witness, Redbook 2.209, *as applicable*

19.     False or Inconsistent Statement by Defendant, Redbook 2.210, *as applicable*

20.     Statements of the Defendant – Substantive Evidence, Redbook 2.305

21.     Motive, Redbook 2.307

22.     Transcripts of Tape Recordings, Redbook 2.310, *as applicable*

23.     Evidence Admitted Against One Defendant Only, *as applicable* [see proposal below, adapted from Redbook 2.308]

24.     <u>Count One</u>: Conspiracy, in violation of 18 U.S.C. § 1512(k) [see proposal below]

25.     <u>Count Two</u>: Obstruction of an Official Proceeding, Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2 [see proposal below]

26.     <u>Count Five</u>: Entering and Remaining in Restricted Buildings or Grounds, in violation of 18 U.S.C. § 1752(a)(1) [see proposal below]

27.     <u>Count Six</u>: Disorderly or Disruptive Conduct in Restricted Buildings or Grounds, in violation of 18 U.S.C. § 1752(a)(2)  [see proposal below]

28.     <u>Counts Seven and Eight</u>: Tampering with Documents or Proceedings, in violation of 18 U.S.C. § 1512(c)(1) [see proposal below]

29.     Proof of "on or about," Redbook 3.103

30.     Proof of State of Mind, Redbook 3.101

31.     Aiding and Abetting, Redbook 3.200

32.     Multiple Defendants – Multiple Counts, Redbook 2.404

33.     Unanimity—General, Redbook 2.405

34.     Verdict Form Explanation, Redbook 2.407

35.     Redacted Exhibits, Redbook 2.500

36.     Exhibits During Deliberations, Redbook 2.501

37.     Selection of Foreperson, Redbook 2.502

38.     Possible Punishment Not Relevant, Redbook 2.505

39.     Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

40.     Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

41.     Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

42.     Excusing Alternate Jurors, Redbook 2.511

43.     [Defense Proposal] First Amendment Instruction [see proposal below]

**<u>GOVERNMENT OBJECTION: The government objects to this proposed instruction in its entirety.</u>**

44.  [Defendant Warner Proposal] Self-Defense – Amount of Force
     Permissible, Redbook 9.501

          **<u>GOVERNMENT OBJECTION: The government objects to
          this proposed instruction in its entirety.</u>**

45.  [Defendant Warner Proposal] Self-Defense – Defense of a Third Person,
     Redbook 9.510

          **<u>GOVERNMENT OBJECTION: The government objects to
          this proposed instruction in its entirety.</u>**

**Proposed Instruction No. 23 [*as necessary*]**

**EVIDENCE ADMITTED AGAINST ONE DEFENDANT ONLY**

Certain evidence in this case has been admitted only against a particular defendant, and not admitted against other defendants.  That evidence includes the following:

1.    Exhibits _____ through _____, which are admitted only as to Mr. Warner.

2.    Exhibits ____ through _____, which are admitted only against Mr. Martinez.

3.    Exhibits _____ through _____, which are admitted only as to Mr. Kinnison.

4.    Exhibits ____ through _____, which are admitted only against Mr. Mele.

Unless I have previously instructed you otherwise, all other evidence has been admitted against all defendants.

**Proposed Instruction No. 24**

**CONSPIRACY TO OBSTRUCT AN OFFICIAL PROCEEDING[3]**

**(18 U.S.C. § 1512(k))**

Count One of the Indictment charges that from in and around December 19, 2020, through January 6, 2021, the defendants participated in a conspiracy to obstruct an official proceeding.

<u>Elements</u>

In order to find a defendant guilty of this offense, you must find that the government proved both of the following two elements beyond a reasonable doubt:

First, that the defendant conspired or agreed with at least one other person with the goal of committing the crime of corruptly obstructing an official proceeding.

**<u>DEFENSE OBJECTION: The defendants propose: "First, that the defendant agreed with at least one other person to commit the crime of corruptly obstructing an official proceeding."</u>**

Second, that the defendant knowingly and intentionally joined or entered into that agreement with awareness of and with the intent to further its unlawful goal.

The instructions in Count Two, which charges obstruction of an official proceeding, apply equally here when you are considering whether the defendant conspired to commit the crime that is charged substantively in Count Two.

A conspiracy is an agreement by two or more persons to join together to accomplish some

---

[3] *See, e.g.*, *United States v. Hostetter*, 21-cr-392-1 (RCL) (ECF No. 275 at 2); *United States v. Nordean, et al.*, 21-cr-175 (TJK) (ECF No. 767 at 24-25); *United States v. Rhodes et al.,* 22-cr-15 (APM) (ECF No. 393 at 25-26); *United States v. Badalian*, 21-cr-246 (ABJ) (ECF No. 173 at 1-3) (Section 371).

**<u>DEFENSE OBJECTION: The Court directed the parties to propose Redbook instructions. Thus, the parties should use Redbook 7.102 (Conspiracy), which the government's proposal materially deviates from without explanation.</u>**

19

unlawful purpose.

**DEFENSE OBJECTION: The defendants propose: "A conspiracy is an agreement by two or more persons to join together to commit a crime."**

The first element of the crime of conspiracy to obstruct an official proceeding is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either explicitly or implicitly, to work together to achieve the overall objectives of the conspiracy. It does not need to prove the existence of a formal or written agreement, an express oral agreement, or a meeting at which all of the details were agreed upon or discussed. But merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists. What the United States must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, including a mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

**DEFENSE OBJECTION:   The defendants propose: "The first element of the crime of conspiracy to obstruct an official proceeding is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at an agreement to commit a crime. It does not need to prove the existence of a formal or written agreement, an express oral agreement, or a meeting at which all of the details were agreed upon or discussed. But merely because people get together and talk about common interests or do similar things does not necessarily show that an agreement exists.**

It does not matter whether the persons who formed the agreement actually carried out their plans or whether the agreement ultimately was successful. But proof concerning the accomplishment of the object of a conspiracy may be evidence of the existence of the conspiracy itself.

In determining whether there has been an unlawful agreement, you may consider both direct evidence and circumstantial evidence. You may consider the actions of all the alleged co-

20

conspirators that were taken to carry out the apparent criminal purpose.  The only evidence that may be available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, you may conclude—or may not—that this evidence warrants the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

The second element is whether the defendant knowingly and intentionally joined or entered into that agreement with awareness of and the intent to further its unlawful goal.  The government must prove beyond a reasonable doubt that the defendant knowingly entered into the conspiracy with criminal intent—that is, with a purpose to violate the law—and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

Unlawfully means contrary to law; the defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of the objectives.

The defendant must have joined the conspiracy knowingly and intentionally; an act is done knowingly and intentionally if it is done deliberately and purposely, and it is not the product of a mistake or accident.

It is not necessary to find the defendant agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement.  A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.  Even if the defendant was not part of the agreement at the very start, he can become

a member of a conspiracy later if the government proves that he intentionally joined the agreement. Different people may become part of the conspiracy at different times.

But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy.

**DEFENDANT WARNER OBJECTION: Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [specify crime charged]. The defendant must be a participant and not merely a knowing spectator.**

In determining whether a conspiracy between two or more persons existed and whether each defendant was one of its members, you may consider the acts and the statements of any other members of the conspiracy as evidence against all of the defendants whether done in or out of their presence while the conspiracy existed.

## Proposed Instruction No. 25

## OBSTRUCTION OF AN OFFICIAL PROCEEDING
## AND AIDING AND ABETTING[4]

## (18 U.S.C. §§ 1512(c)(2), 2)

Count Two of the Indictment charges the defendants with corruptly obstructing an official proceeding, which is a violation of federal law.

Count Two also charges the defendants with aiding and abetting others to commit that offense.

<u>Elements</u>

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

**<u>DEFENSE OBJECTION: The defendants propose: "Fourth, the defendant acted corruptly when he obstructed or impeded an official proceeding or attempted to do so."</u>**

---

[4] 18 U.S.C. § 1512(c)(2). For other January 6 trials that have used similar instructions to these, *see, e.g.*, *United States v. Hostetter*, 21-cr-392-1 (RCL) (ECF No. 275 at 6); *United States v. Stedman*, 21-cr-383 (BAH) (ECF No. 69 at 5-8); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 8); *United States v. Wren, et al.*, No. 21-599 (RBW) (instructions not yet available on ECF); *United States v. Sara Carpenter*, 21-cr-305-JEB (ECF No. 97 at 10); *United States v. Robertson*, No. 21-cr-34 (CRC) (ECF No. 86 at 11-12); *United States v. Reffitt*, No. 21-cr-32 (DLF) (ECF No. 119 at 25); *United States v. Williams*, No. 21-cr-377 (BAH) (ECF No. 112 at 7); *United States v. Hale-Cusanelli*, No. 21-cr-37 (TNM) (ECF No. 84 at 24); and *United States v. Bledsoe*, No. 21-cr-204 (BAH) (ECF No. 215 at 7).

Definitions

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

**DEFENSE OBJECTION: The defendants propose striking this definition.**

Congress's Joint Session to certify the Electoral College vote on January 6, 2021, was an "official proceeding" as that term is used in this count.[5]  The official proceeding need not be pending or about to be instituted at the time of the offense.  If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.[6]

**DEFENSE OBJECTION: The defendants oppose inclusion of the first sentence.**

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[7]

---

[5] *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023) (holding "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2)). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress").

[6] 18 U.S.C. § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense").  For the nexus requirement (that the official proceeding need be reasonably foreseeable), *see United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995).  For other January 6 trials that have used a similar instruction, *see, e.g.*, *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-26), United States v. Robertson, 21-cr-34 (CRC) (ECF No. 86 at 12), *United States v. Thompson*, 21-cr-161 (RBW) (ECF No. 832 at 26), *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 23).

[7] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); and *United*

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

> **DEFENSE OBJECTION: The defendants propose "To act "corruptly," the defendant must act with the intent to 'obtain a benefit that he knows is unlawful.'" _United States v. Fischer_, 64 F.4th 329, 358, 2023 U.S. App. LEXIS 8284, *60, 2023 WL 2817988 (D.C. Cir. 2023).**

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. In addition, the First Amendment to the United States Constitution affords people the right to speak, assemble, and petition the Government for grievances. Accordingly, an individual who does no more than lawfully exercise those rights does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[8] Often, acting corruptly involves acting with the intent to secure an

_____

_States v. Kelly_, No. 21-cr-708 (RCL) (ECF No. 101 at 9) (same).

[8] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; _Arthur Andersen LLP v. United States_, 544 U.S. 696, 706 (2005); _United States v. Fischer_, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); _United States v. Gordon_, 710 F.3d 1124, 1151 (10th Cir. 2013); _United States v. Friske_, 640 F.3d 1288, 1291 (11th Cir. 2011); _United States v. Watters_, 717 F.3d 733, 735 (9th Cir. 2013); _United States v. North_, 910 F.2d 843, 883 (D.C. Cir. 1990), _withdrawn and superseded in part by United States v. North_, 920 F.2d 940 (D.C. Cir. 1990); _United States v. Sandlin_, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); _United States v. Caldwell_, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); _United States v. Mostofsky_, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); _United States v. Montgomery_, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); _United States v. Lonich_, 23 F.4th 881, 902-03 (9th Cir. 2022). For other January 6 trials that have used similar instructions, _see, e.g._, _United States v. Williams_, No. 21-cr-377 (BAH) (ECF No. 112 at 7); _United States v. Reffitt_, No. 21-cr-32 (DLF) (ECF No. 119 at 25-29); and _United States v. Kelly_, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

unlawful advantage or benefit either for oneself or for another person.[9]

> **DEFENSE OBJECTION: The defendants propose striking the last sentencing and editing the penultimate sentence as follows: "In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct with the intent to obstruct or impede an official proceeding, does act corruptly."**

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. The defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct. However, the fact that the defendant's mere presence may have had the unintended effect of obstructing or impeding a proceeding does not establish that the defendant acted with the intent to obstruct or impede that proceeding.[10]

## AIDING AND ABETTING[11]

In this case, the government further alleges that the defendants committed obstruction of an official proceeding, as charged in Count Two, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendants committed this offense in Count Two.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

---

[9] This last line, which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10); and *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 24).

[10] *United States v. Carpenter*, No. 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 10).

[11] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.

It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find a defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged

only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**ATTEMPT**[12]

In Count Two, the defendants are also charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding is a crime even if the defendants did not actually complete the crime.

In order to find a defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the

---

[12] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.

following elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as defined above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**DEFENDANT WARNER OBJECTION: Defendant Warner objects to this and other attempt instructions as not following the Redbook. Further, Defendant Warner proposes for this and other attempt instructions that the following language be included: "Mere preparation does not count to an attempt."** *U.S. v. Bolden*, **514 F2d 1301, 1307 (D.C. Cir. 1975), n.10.**

\*\*\*

A defendant may be found guilty of the offense charged in Count Two if the defendant obstructed an official proceeding, attempted to obstruct an official proceeding, or aided and abetted

the obstruction of an official proceeding.  Each of these three ways of committing the offense is described in these instructions.  If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these three ways, you should find the defendant guilty of Count Two, and need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other two ways.

**Proposed Instruction No. 26**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS**[13]

**(18 U.S.C. § 1752(a)(1))**

Count Five of the Indictment charges the defendants with entering or remaining in a restricted building or grounds.

<u>Elements</u>

In order to find defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.[14]

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

> **DEFENSE OBJECTION: The defendants propose adding: The "restricted building or grounds" must be so restricted by the Secret Service."** ***United***

---

[13] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021); *see also United States v. Hostetter*, 21-cr-392-1 (RCL) (ECF No. 275 at 12).

[14] In *United States v. Bingert et al.*, 21-cr-91 (RCL) (ECF 163), this Court recently held that to prove that defendants "knowingly" committed the relevant acts in a "restricted building or grounds" for purposes of violations of 18 U.S.C. § 1752(a)(1) and (2), the government must prove not only that defendants knew they were in a "posted, cordoned off, or otherwise restricted area," but also that they knew that it was such an area "of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting."  For the reasons set forth in the Government's Motion to Reconsider Legal Instructions in that case, the government respectfully submits that this instruction imposes a burden on the government to prove that the defendant knew *why* the area was restricted, and that requirement is not consistent with the statutory text, structure, or Congressional intent.  *See United States v. Bingert et al.*, 21-cr-91 (RCL) (ECF 164).

**_States v. Bursey_, 416 F.3d 301 (4th Cir. 2005).**

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.  The term "knowingly" has the same meaning described in the instructions for Count Two.

> **DEFENSE OBJECTION: The defendants propose adding "A defendant "knowingly" enters a restricted building or grounds if he knows he is in a "posted, cordoned off, or otherwise restricted area" and knows that the President or other Secret Service protectee is or will be temporarily visiting that posted, cordoned off, or otherwise restricted area."  _United States v. Sturgeon_, 21-cr-91-RCL.**

**Proposed Instruction No. 27**

**DISORDERLY OR DISRUPTIVE CONDUCT
IN A RESTRICTED BUILDING OR GROUNDS**[15]

**(18 U.S.C. § 1752(a)(2))**

Count Six of the Indictment charges the defendants with disorderly or disruptive conduct in a restricted building or grounds.

<u>Elements</u>

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

<u>Definitions</u>

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person. [16]

---

[15] 18 U.S.C. § 1752; *see also United States v. Hostetter*, 21-cr-392-1 (RCL) (ECF No. 275 at 15–16).

[16] *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 27).

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[17]

The terms "restricted building or grounds" and "knowingly" [18] have the same meanings described in the instructions for Count Five.

**<u>DEFENSE OBJECTION: The defendants propose Court should use the definition of disorderly conduct in D.C. Code § 22-1321.</u>**

---

[17] Redbook 6.643.

[18] *See* n.11, *supra.*

**Proposed Instruction No. 28**

**TAMPERING WITH DOCUMENTS OR PROCEEDINGS[19]**

**18 U.S.C. § 1512(c)(1)**

Counts Seven and Eight of the Indictment charge Derek Kinnison and Erik Scott Warner each individually with corruptly altering, destroying, mutilating or concealing a record, document, and other object. Counts Seven and Eight also charge Derek Kinnison and Erik Scott Warner each individually with attempting to corruptly alter, destroy, mutilate, or conceal a record, document, and other object.

<u>Elements</u>

In order to find a defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant altered, destroyed, mutilated, or concealed, or attempted to alter, destroy, mutilate or conceal, a record, document or other object;

Second, the defendant did so with the intent to impair the object's integrity or availability for use in an official proceeding; and

Third, the defendant acted corruptly.

<u>Definitions</u>

The term "official proceeding" includes a federal grand jury. If the official proceeding was not pending at the time of the offense, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Counts Seven and Eight, the term "official proceeding" means the grand jury's investigation into the role of Erik

---

[19] *See Pattern Jury Instructions for Federal Criminal Cases*, District of South Carolina, (2020 Online Edition).

Scott Warner, Derek Kinnison, and others in the attack on the United States Capitol on January 6, 2021.[20]

The term "corruptly" means to act knowingly and dishonestly, with the specific intent to subvert or undermine the integrity of a proceeding.

### DEFENDANT WARNER OBJECTION: Defendant Warner proposes to add the words "grand jury" before "proceeding."

The United States must prove that the defendant knew or had notice of the official proceeding, and that he intended or knew that his actions were likely to affect the official proceeding. Although the United States has to prove that the official proceeding involved was a federal proceeding, the United States does not have to prove that the defendant knew it was a federal proceeding. It is not necessary for the United States to prove that the defendant knew he was breaking any particular criminal law.

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. The defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct.

### ATTEMPT[21]

In Counts Seven and Eight, defendants Derek Kinnison and Erik Scott Warner are also charged with attempting to commit the crime of tampering with documents or proceedings. An attempt to tamper with documents or proceedings is a crime even if the defendants did not actually complete the crime.

In order to find defendant guilty of attempting to tamper with documents or proceedings,

---

[20] *See United States v. Stewart Rhodes, et. al.*, 22-cr-15 (APM) (D.D.C. November 21, 2022), ECF No. 400 (definition of official proceeding).
[21] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.

you must find that the government proved beyond a reasonable doubt each of the following elements:

> First, that the defendant intended to commit the crime of tampering with documents or proceedings, as defined above.

> Second, that the defendant took a substantial step toward committing tampering with documents or proceedings which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit tampering with documents or proceedings merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit tampering with documents or proceedings merely because the defendant made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit tampering with documents or proceedings.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

> ***

Defendants Derek Kinnison and Erik Scott Warner may be found guilty of the offense charged in Counts Seven and Eight if they tampered with documents or proceedings or  attempted to tamper with documents or proceedings.  Each of these two ways of committing the offense is

described in these instructions.  For each of these two defendants, if you find beyond a reasonable doubt that the defendant committed the offense of tampering with documents or proceedings in any one of these two ways, you should find the defendant guilty of Counts Seven and Eight, and need not consider whether the defendant committed the offense of tampering with documents or proceedings in the other way.

**DEFENSE PROPOSAL** Proposed Instruction No. 43

**FIRST AMENDMENT**

The First Amendment to the United States Constitution affords people the right to assemble and to petition the government for the redress of grievances. The Capitol Grounds, that is the area around the Capitol Building, is a public forum. The inside of the Capitol Building is not a public forum. The First Amendment protects a person's right to parade, stand, or move in processions or assemblages in a public forum.

**DEFENDANT WARNER OBJECTION: Defendant Warner proposes that BLM Plaza be included.**

The First Amendment's function under our system of government is to invite dispute and serves its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger. It does not protect destruction of property or acts of violence.

In connection with the charges in the indictment, the government must prove beyond a reasonable doubt that the defendant's conduct at issue did not merely constitute (i) parading, standing or moving in assemblages in a public forum, and not violence or destruction of property, or (ii) agreeing to parade, stand or move in assemblages in a public forum without the use of force. If the government has not satisfied that burden, you may not find the Defendant guilty because the conduct at issue is protected under the First Amendment.[22]

**DEFENDANT WARNER OBJECTION: Defendant Warner proposes "You have heard evidence about statements made to and by some defendants and other individuals. The First Amendment of the United States Constitution protects an individual's right to free speech, including speech that you may find to be vile, hateful, or offensive. The First Amendment does not, however,**

---

[22] *Jeannette Rankin Brigade v. Chief of Capitol Police*, 342 F. Supp. 575 (D.D.C. 1972) (three-judge panel) *sum. aff'd,* 409 U.S. 972 (1972); *Lederman v. United States*, 291 F.3d 36, 39 (D.C. Cir. 2002).

**provide a right to engage in speech that is integral to criminal conduct. You may not find that a defendant committed a crime [, or that a conspiracy existed,] simply because you find that a defendant, or other individuals, engaged in speech you find to be offensive."**

**GOVERNMENT OBJECTION: The government opposes this instruction in its entirety for the reasons stated in its Omnibus Motions *in Limine*, ECF No. 292, at 19–22 and its Reply in Support of Its Omnibus Motions *in Limine*, ECF No. 316.**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 21-CR-392-RCL** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIK SCOTT WARNER,** | : | |
| **FELIPE ANTONIO "TONY"** | : | |
| **MARTINEZ,** | : | |
| **DEREK KINNISON, and** | : | |
| **RONALD MELE,** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S WITNESS LIST

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits that some or all of the following individuals may be called by the United States to testify, during its case-in-chief in this trial:

Civilian Witnesses
Russell Taylor
Carlo Dupone
Brian Howard
Angela Johnson

Metropolitan Police Department
Daniel Harrington
Divonnie Powell
George Banks
Linwood Thornton
Jesus Perez

United States Capitol Police
Carneysha Mendoza*
Scott Grossi
Gregory Demnicki
Zedric Pastelero

United States Secret Service
Lanelle Hawa*

U.S. Congress
Kyle Jones*

Federal Bureau of Investigation
Eric Johnson
Andrew Schalin
Theodore Augustus
Enrique Armenta
Dewey Stover
Veronica Jacobs
Randy Roman^
Scott Winrow^
Timothy Brink^
Ben Karp^
Jeff Acosta^
John Stacey^
Javier Clift^

*Indicates overview witness subject to change.
^Indicates witness relevant only for authenticity or chain of custody testimony.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 21-CR-392-RCL** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIK SCOTT WARNER,** | : | |
| **FELIPE ANTONIO "TONY"** | : | |
| **MARTINEZ,** | : | |
| **DEREK KINNISON, and** | : | |
| **RONALD MELE,** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANT WARNER'S WITNESS LIST

Mr. Warner has not yet decided whether he will call any witnesses in his defense.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 21-CR-392-RCL** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIK SCOTT WARNER,** | : | |
| **FELIPE ANTONIO "TONY"** | : | |
| **MARTINEZ,** | : | |
| **DEREK KINNISON, and** | : | |
| **RONALD MELE,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANT MARTINEZ'S WITNESS LIST**

Defendant Martinez has not finalized a witness list but his counsel is acting in good faith to secure one as expeditiously as possible.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 21-CR-392-RCL** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIK SCOTT WARNER,** | : | |
| **FELIPE ANTONIO "TONY"** | : | |
| **MARTINEZ,** | : | |
| **DEREK KINNISON, and** | : | |
| **RONALD MELE,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANT KINNISON'S WITNESS LIST**

Defendant Kinnison has not yet finalized his witness list but will provide one soon.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 21-CR-392-RCL** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIK SCOTT WARNER,** | : | |
| **FELIPE ANTONIO "TONY"** | : | |
| **MARTINEZ,** | : | |
| **DEREK KINNISON, and** | : | |
| **RONALD MELE,** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANT MELE'S WITNESS LIST

Defendant Mele will not be submitting a witness list today but, depending on the Government's exhibit and witness lists, may add witnesses at a later date.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 21-CR-392-RCL** |
| | : | |
| **v.** | : | |
| | : | |
| **ERIK SCOTT WARNER,** | : | |
| **FELIPE ANTONIO "TONY"** | : | |
| **MARTINEZ,** | : | |
| **DEREK KINNISON, and** | : | |
| **RONALD MELE,** | : | |
| | : | |
| **Defendants.** | : | |

**<u>PROPOSED VERDICT FORM</u>**

We, the jury in the above-titled case, find the defendants:

**<u>Count One</u>: Conspiracy To Obstruct an Official Proceeding, in violation of 18 U.S.C. § 1512(k)**

 **A. Verdict as to each defendant:**

  **1.** *Erik Scott Warner*

   _____ Not Guilty   _____ Guilty

  **2.** *Felipe Antonio "Tony" Martinez*

   _____ Not Guilty   _____ Guilty

  **3.** *Derek Kinnison*

   _____ Not Guilty   _____ Guilty

  **4.** *Ronald Mele*

   _____ Not Guilty   _____ Guilty

**Count Two**: **Obstruction of an Official Proceeding, Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2**

    **A.**    **Verdict as to each defendant:**

        **1.**  *Erik Scott Warner*

           _____ Not Guilty _____ Guilty

        **2.**  *Felipe Antonio "Tony" Martinez*

           _____ Not Guilty _____ Guilty

        **3.**  *Derek Kinnison*

           _____ Not Guilty _____ Guilty

        **4.**  *Ronald Mele*

           _____ Not Guilty _____ Guilty

**Count Five**: **Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1)**

    **A.**    **Verdict as to each defendant:**

        **1.**  *Erik Scott Warner*

           _____ Not Guilty _____ Guilty

        **2.**  *Felipe Antonio "Tony" Martinez*

           _____ Not Guilty _____ Guilty

        **3.**  *Derek Kinnison*

           _____ Not Guilty _____ Guilty

        **4.**  *Ronald Mele*

           _____ Not Guilty _____ Guilty

**Count Six**:  **Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2)**

    **B.**    **Verdict as to each defendant:**

        **1.**  *Erik Scott Warner*

               _____ Not Guilty _____ Guilty

        **2.**  *Felipe Antonio "Tony" Martinez*

               _____ Not Guilty _____ Guilty

        **3.**  *Derek Kinnison*

               _____ Not Guilty _____ Guilty

        **4.**  *Ronald Mele*

               _____ Not Guilty _____ Guilty

**Count Seven**: **Tampering with Documents or Proceedings, in violation of 18 U.S.C. § 1512(c)(1)**

    **A.**    **Verdict as to each defendant:**

        **1.**  *Derek Kinnison*

               _____ Not Guilty _____ Guilty

**Count Eight**: **Tampering with Documents or Proceedings, in violation of 18 U.S.C. § 1512(c)(1)**

    **B.**    **Verdict as to each defendant:**

        **1.**  *Erik Scott Warner*

               _____ Not Guilty _____ Guilty

Dated: _____           _____

                                         Signature of Foreperson