UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 21-CR-392-RCL |
| v. | : | |
| ERIK SCOTT WARNER, | : | |
| FELIPE ANTONIO "TONY" MARTINEZ, | : | |
| DEREK KINNISON, and | : | |
| RONALD MELE, | : | |
| Defendants. | : | |

### UNITED STATES' MOTION FOR ADDITIONAL TRIAL PROCEDURES

The United States anticipates resting its case-in-chief on Monday. As we head into the defendants' cases, the United States respectfully moves this Court to impose additional procedures, in order to further ensure that the trial of the above-captioned criminal case is administered in a manner that is fair and just to the parties, and that is consistent with the goal of completing the trial in the most efficient manner.[1]

1.  Order of Defendants' Individual Cases. In this district it is typical for defendants to present their cases seriatim where practicable. The traditional practice is to follow the order of defendants as listed in the indictment: here, Defendant Warner, Defendant Martinez, Defendant Kinnison, and then Defendant Mele. For much of trial, cross-examination of government witnesses proceeded in that order. Toward the end of the government's case, counsel for Defendant Martinez began to cross examine first. The United States requests that defense cases

---

[1] The United States sought to reach agreement on these procedural issues without intervention of the Court, but those efforts have not resulted in agreement by all defendants.

1

be presented in the following order, with exceptions made only for good cause: (i) Defendant Kinnison, (ii) Defendant Warner, (iii) Defendant Martinez, (iv) Defendant Mele.[2]

2.  Notification of Witnesses. The Court's Pretrial Scheduling Order, ECF No. 208 at 2, ordered the parties to provide witness lists by September 22, 2023. On that date, only the United States provided a witness list. Since that time, counsel for Defendants Warner and Mele provided witness lists. To the extent any witnesses anticipated to be called by any defendant—with the exception of the defendants themselves—have not yet been disclosed, the United States seeks an order that they be disclosed immediately.

3.  Witness Order. While recognizing the reality that witness order will necessarily be fluid and that there will be instances in which a witness order is changed in good faith, the United States and the defendants previously agreed that the parties would notify each other 36 hours in advance of their anticipated order of witnesses. The United States has done so; and where, despite its good faith prediction, witness order has changed, the United States has promptly notified defendants. The United States respectfully requests that the Court order the defense to comply with the same procedure. *See United States v. Fletcher*, 74 F.3d 49, 54 (4th Cir. 1996) (upholding trial court requiring parties to exchange witness lists in advance, relying on Federal Rule of Criminal Procedure 2, which provides that the rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."). The United States does not, however, request notice that a particular defendant himself will testify.

4.  Cross Examination of Defense Witnesses. The United also requests that this Court restrict defendants' cross-examination of their codefendants, or codefendant-sponsored witnesses,

---

[2] This differs from the indictment order, but the parties have already discussed allowing Defendant Kinnison to proceed first, and we do not seek to change that agreement here.

to only that portion, if any, of the testimony that is adverse the defendant.[3] In *United States v. Nordean*, 21-cr-175 (TJK), the court ordered that "[c]ross-examination of defense witnesses by co-defendants shall be restricted to that testimony that is adverse to the co-defendant. The Court shall inquire of defense counsel at the conclusion of a defense witness's testimony whether any co-defendant wishes to cross-examine the witness, and if so, to demonstrate the nature of the adversity." *Nordean*, ECF No. 702 at 2. The United States seeks similar procedures here. The Confrontation Clause of the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." A defendant has a right to cross-examine a codefendant, or a codefendant's witness, only where the testimony is incriminatory. *See United States v. Mercks*, 304 F.2d 771, 772 (4th Cir. 1962); *see also United States v. Berrio–Londono*, 946 F.2d 158, 160 (1st Cir. 1991) (the Sixth Amendment requires "an adequate opportunity to cross-examine adverse witnesses"). In *United States v. Crockett*, 813 F.2d 1310, 1314 (4th Cir. 1987), the Court considered whether a defendant had a right to cross-examine a testifying codefendant where the testimony was favorable to the defendant, and concluded that this was impermissible. "The right of confrontation does not give defendants a plenary right to elicit friendly testimony. That is the purpose of the Sixth Amendment right of a defendant 'to have compulsory process for obtaining witnesses in his favor.'" *Id.* at 1313. As several Courts have held, "trial courts need not assess the adverse nature of testimony according to formalistic categories—by whether a co-conspirator was called by the government, or is testifying on his own

---

[3] Should any defendant wish to examine a codefendant or codefendant's witness on testimony that is *not* adverse, they should do so in the manner of a direct examination, without leading questions, prior to cross examinations. Moreover, in the absence of an applicable hearsay exclusion or exception, defendants should not be permitted to use cross-examination of their codefendants to attempt to elicit out-of-court statements by any of the defendants for the truth of the matter asserted.

behalf or on behalf of a codefendant. The critical matter is not the formal status of a witness but the actual content of his testimony." *Id.*; *see also United States v. Kindig*, 854 F.2d 703, 708–09 (5th Cir. 1988); *United States v. Andrews*, 765 F.2d 1491, 1501 (11th Cir. 1985) (the Sixth Amendment guarantees only the opportunity to confront adverse witnesses, it does not guarantee the right to confront witnesses who testify not against but rather in favor of the party asserting the right.") (citing *United States v. Bujese*, 434 F.2d 46 (2d Cir.1970)).[4]

5.     Timing of Cross Examination of Defense Witnesses. The United States understands that, in both the Proud Boys and Oath Keepers cases, defendants were required to cross examine other defense witnesses—including codefendants—on the basis of any adverse testimony, *prior to* cross examination by the United States. To the extent the cross examination by the United States resulted in newly adverse testimony to a particular defendant, that defendant may also cross examine the witness after the cross examination by the United States. The United States submits such a procedure is appropriate here as well.

---

[4] The United further notes that the process adopted by Judge Amit Mehta in the Oath Keeper trials was also to inquire at the conclusion of a defense witness's testimony whether any other defendant wishes to cross the witness and to demonstrate the nature of the adversity. Judge Mehta has also permitted defendants to cross examine a witness where the government's cross-examination of that witness reveals adversity.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

By:   */s/ Anthony W. Mariano*
        ANTHONY W. MARIANO
        MA Bar No. 688559
        JASON M. MANNING
        NY Bar No. 4578068
        TERENCE A. PARKER
        NY Bar No. 5775192
        Trial Attorneys, Detailees
        Capitol Siege Section
        United States Attorney's Office
        for the District of Columbia
        601 D Street N.W.
        Washington, D.C. 20530
        (202) 476-0319
        Anthony.Mariano2@usdoj.gov
        (202) 514-6256
        Jason.Manning@usdoj.gov
        (202) 803-1600
        Terence.Parker3@usdoj.gov

        ***Counsel for the United States***