UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL  NO: 21-CR-392-RCL |
| | ) | |
| v. | ) | Sentencing set for April 19, 2024 |
| | ) | |
| RONALD MELE, | ) | STAY REQUESTED |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR STAY OF SENTENCING PENDING THE U.S. SUPREME COURT RESOLVING FISCHER V. UNITED STATES DURING THIS SESSION OF THE COURT**

Ronald Mele, by and through his counsel, Steven Bailey, respectfully requests that his current sentencing date, set for April 19th, 2024, be stayed until the U.S. Supreme Court resolves the case of *Fischer v. United States, docket # 23-5572*.

The grounds for the request are as follows:

1) Mele was found guilty by a jury of this court on all charges, which included Counts 1, 2, 3, and 5 of the Second Superseding Indictment,  which charged him with, respectively, Conspiracy to Obstruct an Official Proceeding ( 18 U.S.C. §1512(k)); Obstruction of an Official Proceeding (18 U.S.C. §1512(c)(2));  18 U.S.C. § 1752(a)(l), Entering or Remaining in a Restricted Building; and 1752(a)(2), Disorderly or Disruptive Conduct in a Restricted Building or Grounds.

1

2) On December 13, 2023, the United States Supreme Court granted certiorari in *Fischer v. United States,* 64 F.4th 329 (2023), *cert. granted* 23-5572. The question presented to the Supreme Court in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C. §1512(c) ("Witness, Victim, or Informant Tampering"), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?"

3) The resolution of *Fischer* directly impacts the potential sentence that this court could impose and could lead to dismissal or acquittal on some of those counts.

4) The question posed by Fischer raises a substantial question of law that, if decided in defendant's favor, would likely result in a substantial reduction in potential jail time., if not a complete reversal of some of the charges.  In particular, a substantial question exists as to Count 2 of the restated indictment as whether the statute underlying Mr. Mele's felony conviction, 18 U.S.C. §1512(c)(2), applies to his conduct on January 6, 2021. See Supreme Court docket in *United States v. Fischer,* No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

5) The United States Supreme Court is expected to decide the question in Fischer before the close of the current term on June 30, 2023.

6) On December 18, 2023, D.C. Circuit Judge Mehta vacated the sentencing hearing in US v Caldwell, 22-CR-015, converting the sentencing hearing to a status conference.  This was based on a Motion to Continue/Stay based on the SCOTUS cert grant in Fischer.

7) On December 28, 2023, D.C. Circuit Judge Boasberg issued a stay in the sentencing hearing of Ryan Scott Zink. This was based on a Motion to Continue/Stay predicated on the SCOTUS cert grant in Fischer.

8) The government was contacted regarding this motion and does oppose this request.

**The Fischer case directly impacts the Mele sentencing and because that matter raises a substantial question of law and therefore is not filed for the purpose of delay.**

Defendant Mele worked with the Court to select the date of sentence for April 19, 2024.

Regardless of whether the Court grants or denies this motion, Mr. Mele is prepared to and will comply with the Court's decision. However, the Court's decision directly impacts the sentence that can be imposed for Count 2: Obstruction of an Official Proceeding. Short of the Supreme Court ruling that 1512(c)(2) does not apply to a defendant's actions on January 6th, almost any other decision will result in the need to brief the decision and how the decision applies to the facts of the individual defendants cases.

Whether Section 1512(c)(2) applies to Mr. Mele's conduct is a substantial question of law. Another Court in this district previously found that "reasonable minds can disagree" with respect to this question - a conclusion that has become only more robust with the Supreme Court's granting certiorari in *Fischer* to address whether §1512(c) includes conduct (like Mr. Mele's) that is unrelated to investigations and evidence.

Regarding count 2, Mr. Mele had previously challenged in pretrial motions the propriety of the felony obstruction counts in this case. The statutory language, legislative history, and legal precedent reflect that §1512(c)(2) prohibits only the corrupt obstruction of tribunal-like proceedings before Congress related to the administration of justice, not a proceeding like the certification of the electoral college vote. Second, the conduct Mr. Mele was accused of committing cannot qualify as conduct that "otherwise obstructs, influences, or impedes" an official proceeding, as §1512(c)(2) is limited by §1512(c)(l). As such, subsection (c)(2) prohibits only conduct that undermines an official proceeding's truth-finding function through actions impairing the integrity and availability of evidence. Third, as charged, §1512(c)(2) does not provide fair notice that "official proceedings" includes proceedings unrelated to the administration of justice, and the statute's mens rea requirement-that the criminal act be committed "corruptly"-lacks a limiting principle, rendering the statute unconstitutionally vague as applied to Mr. Mele. This Court denied the defendants' motion prior to trial in October, 2023.

Indeed, substantiality is not hypothetical here: the Supreme Court has granted certiorari to assess whether the D.C. Circuit erred in adopting a broad reading of 18 U.S.C. § 1512(c) "to include acts unrelated to investigations and evidence." See Petition for Certiorari, *Fischer v. United States,* No. 23-5572 (filed September 11, 2023).

**A stay would not substantially delay sentencing in this matter should the Court grant this motion for a stay of sentencing.**

The United State Supreme Court has indicated that it will decide the Fischer case during the current term that is scheduled to end on June 30, 2024.

It is likely that the oral arguments will occur sometime during April or May, very near to the time of sentencing. A stay of sentencing in the Mele case will only require a short delay of a month or two and will permit the court to consider the Supreme Court decision in the context of the sentence imposed on the defendant.

## Conclusion

For these reasons, Mr. Mele respectfully moves for a stay of his sentencing date.

DATED: January 5, 2024

Respectfully submitted,

/s/ Steven Bailey
Steven Bailey, SBN 146382
680 Placerville Dr., A1
Placerville, CA 95667
steven@baileyandromerolaw.net

## CERTIFICATE OF SERVICE

I, Steven C. Bailey, hereby certify that on January 5, 2024, I caused a copy of this Motion to Stay Sentencing Set for April 19, 2024 pending a decision by the United States Supreme Court in Fischer vs. United States to be delivered to the parties of record by filing it electronically.

*/s/ Steven C. Bailey*

Steven C. Bailey