UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

DEREK KINNISON and
RONALD MELE,

Defendants.

Case No. 1:21-cr-392-RCL

## ORDER

Mr. Mele moved this Court to stay his sentencing date pending the Supreme Court's decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023). ECF No. 411. The government opposed, ECF No. 412, and Mr. Kinnison subsequently moved to join Mr. Mele's request, ECF No. 414. The government does not oppose Mr. Kinnison's motion to join but maintains its opposition to a stay. ECF No. 415. Upon consideration of the parties' filings, the applicable law, and the entire record, it is hereby **ORDERED** that Mr. Kinnison's motion [414] to join is **GRANTED**. Mr. Mele and Mr. Kinnison's joint motion [411] to stay sentencing is **DENIED**.

The Court will not stay the defendants' sentencing date pending the Supreme Court's decision in *Fischer*. The Court must consider four factors when deciding whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "When the defendant is the government, factors (3) and (4) merge." *Zukerman v. U.S. Postal Serv.*, 64 F.4th 1354, 1364 (D.C. Cir. 2023) (citing *Nken*, 556 U.S. at 435).

1

*First*, the defendants have not demonstrated that they are likely to succeed on the merits of any challenge to their convictions under Section 1512(c)(2). The D.C. Circuit has twice upheld application of Section 1512(c)(2) to conduct like the defendants'. *See United States v. Robertson*, 86 F.4th 355, 375 (D.C. Cir. 2023) (reaffirming *Fischer*'s holding). Although the Supreme Court's decision to grant certiorari shows that *Fischer* raises an important question, it does not establish that the defendants are likely to succeed on the merits. *See Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by [defendant] has any merit, only that it is an important question."). For example, the Supreme Court may wish to clarify the *Fischer* majority's "fractured" holding, rather than reject it outright. *United States v. Carnell*, No. 23-cr-139 (BAH), ECF No. 75 at 4 (D.D.C. Jan. 4, 2024).

*Second*, the defendants will not be irreparably injured absent a stay. To show irreparable harm, the defendants must demonstrate that they face injury "both certain and great" and "actual and not theoretical." *Wis. Gas Co. v. Fed. Energy Reg. Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). The defendants cannot make this showing in part because the proper venue for challenging their convictions under Section 1512(c)(2) is on direct appeal after final judgment; imposing sentence will hasten their ability to appeal. *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989). Further, the defendants were convicted of other offenses, including 18 U.S.C. § 1752(a)(1) and (2). The defendants are unlikely to serve their full sentences for these offenses before the Supreme Court renders its decision in *Fischer*. If the defendants "serve[ their] full sentence on the remaining counts of conviction before the Supreme Court resolves *Fischer*, any potential irreparable injury to the defendant[s] can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b)." Gov't Opp'n, ECF No. 412 at 6. In other words, going

forward with sentencing will not foreclose the defendants from obtaining the benefit of a favorable decision in *Fischer* later.

*Third*, the public interest favors imposing a sentence for defendants' three-year-old conduct rather than delaying sentencing by several more months. *See Khadr v. United States*, 529 F.3d 1112, 1117 (D.C. Cir. 2008) ("[I]n criminal cases[,] 'encouragement of delay is fatal to the vindication of the criminal law.'" (quoting *United States v. MacDonald*, 435 U.S. 850, 854 (1978)). The public interest also counsels against giving the defendants an advantage not granted to other January 6 defendants who were convicted of violating Section 1512(c)(2) but sentenced to terms of imprisonment before the Supreme Court granted certiorari in *Fischer*.

For all these reasons, Mr. Kinnison's motion [414] to join is **GRANTED**. Mr. Mele and Mr. Kinnison's joint motion [411] to stay sentencing is **DENIED**. Mr. Mele and Mr. Kinnison will be sentenced on April 19, 2024.

**SO ORDERED.**

Date: January 18, 2024

Royce C. Lamberth
United States District Judge